UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

HASSAN CHUNN, NEHEMIAH McBRIDE,
AYMAN RABADI by his next friend Migdaliz
Quinones, and JUSTIN RODRIGUEZ by
his next friend JACKLYN ROMANOFF,

                Petitioners,                        ORDER
                                                        20-cv-1590 (RPK)
      -against-

WARDEN DEREK EDGE,

                Respondent.
----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      The Court directs the parties to make themselves available today for discussions with Magistrate Judge Mann, in order to explore whether the parties can reach an agreement on any of the matters at issue in petitioners' application for a temporary restraining order. The Court specifically requests that the parties consider whether an agreement is possible to enable petitioners to promptly obtain adjudication of claims for release under the compassionate-release provision at 18 U.S.C § 3582(c)(1)(A), or any other mechanism that countenances early release of prisoners.

      As the parties know, a number of courts have used Section 3582(c)(1)(A) to grant compassionate release based on claims—like those of petitioners here—that individuals' health conditions placed them at grave risk while confined during the COVID-19 epidemic. But Section 3582(c)(1)(A) authorizes a motion seeking compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring such a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Petitioners have argued that the

1

Bureau of Prisons (BOP) "has acted at a slow pace to respond to requests for emergency compassionate release," Pet. ¶ 3, thereby making Section 3582(c)(1)(A) unavailable for prompt review of COVID-19 release claims. Nevertheless, prompt review under Section 3582(c)(1)(A) could be obtained through, for example, an agreement on the part of the BOP to adjudicate petitioners' compassionate-release requests in an expedited fashion.

The litigants here have good reason to consider opening the courthouse door to fast review of such compassionate-release claims. Petitioners currently seek release through a suit under 28 U.S.C. § 2241, arguing that the BOP's response to their health circumstances in light of the COVID-19 epidemic is so inadequate as to constitute deliberate indifference to their medical needs in violation of the Eighth Amendment. Such a lawsuit is—at the minimum—a far less established avenue for COVID-19-based relief than compassionate release. The bar for a constitutional violation under the Eighth Amendment is high. And none of the parties have identified any case in which a court has released a federal criminal defendant on the theory that COVID-19 precautions were so deficient as to constitute cruel and unusual punishment. In contrast, a number of defendants at heightened risk from COVID-19 have already obtained compassionate release under Section 3582(c)(1)(A). Respondent also has good reasons to explore a resolution that would permit petitioners to quickly present compassionate-release claims; among others, the practical implications of a litigation loss on petitioner's Eighth Amendment claims could be significant.

The Court stays decision on the request for a temporary restraining order pending the discussion above. The parties are requested to advise the Court by the close of business on Friday, April 3, 2020, whether they are still engaged in such discussions, whether discussions have concluded and they have reached an agreement, or whether discussions have concluded without achieving any agreement.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: Brooklyn, New York
April 2, 2020