

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 7, 2020

**By ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Chunn, et al.*, *v. Warden Derek Edge*, Civil Action No. 20-cv-1590 (Kovner, J.)

Dear Judge Kovner:

      Pursuant to the Court's April 5, 2020 Order, Respondent Derek Edge respectfully submits the below update regarding (I) "whether the BOP has reached a final decision on petitioners' applications"; and (II) "[i]f BOP has not yet reached a final decision, Respondent shall advise the Court when final decisions will be reached and whether the government is pressing (or intends to press) failure to fully exhaust administrative remedies as a basis to oppose consideration of applications by Petitioners' sentencing courts under 18 U.S.C. 3582(c)."

      As an initial matter, and as set forth in detail below, on April 7, 2020, the sentencing judge ordered the immediate release of Petitioner Nehemiah McBride pursuant to his motion for compassionate release.

**I.      Status of Petitioners' Applications**

      The four Petitioners in this action have separately petitioned the Warden of the Metropolitan Detention Center ("MDC") for release under either 18 U.S.C. § 3582(c)(1)(A) or other mechanisms that countenance early release of prisoners. Petitioners sought to compel the Warden to reach a decision regarding their requests by commencing these temporary restraining order proceedings. On Friday, April 3, 2020, the Warden denied the Petitioners' requests.

      BOP is working as expeditiously as possible to respond to the extraordinary number of requests for release it has received from federal inmates, including Petitioners. The BOP Regional Office, the next step in the appeal process, does not have a record of the four Petitioners having appealed the Warden's denial. Under 28 C.F.R. §§ 542.15 and 542.16, the inmate alone must initiate the appeal process. If and when an appeal is received, the BOP will consider the appeal and render a final decision. In any event, and as set forth below, the U.S. Attorney's Office

remains in close contact with BOP regarding Petitioners' applications and provides the below updates.

Following the denial of Petitioners' requests by the Warden, and without waiting the requisite 30 days as required under 18 U.S.C. § 3582(c)(1)(A), the four Petitioners have since filed motions with their sentencing criminal judges seeking release under 18 U.S.C. § 3582(c)(1)(A), as follows:

**Hassan Chunn**. On March 26, 2020, Petitioner Hassan Chunn filed a request with the Warden seeking early release under 18 U.S.C. § 3624(c). *See* Case No. 16 Cr. 388, Dkt. No. 26 (E.D.N.Y.). On April 5, 2020, Chunn filed a motion with Judge Brian M. Cogan seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and home confinement. *See* Case No. 16 Cr. 388, Dkt. No. 28 (E.D.N.Y.). Judge Cogan ordered the government to respond to Chunn's motion by Tuesday, April 7, 2020, and scheduled a hearing for Wednesday, April 8, 2020 at 10:15 a.m. *See* Dkt. Entry dated April 6, 2020.

**Justin Rodriguez**. On March 27, 2020, Petitioner Justin Rodriguez filed a request with the Warden seeking early release and home confinement under 18 U.S.C. § 3624. On April 5, 2020, Rodriguez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), or, in the alternative, home confinement, with Judge Loretta A. Preska of the Southern District of New York. *See* Case No. 16 Cr. 167 (LAP), Dkt. No. 329 (S.D.N.Y.). The Court ordered the government to respond to Rodriguez's motion by Tuesday, April 7, 2020.

**Ayman Rabadi**. On April 3, 2020, Petitioner Ayman Rabadi filed requests with the Warden seeking release under 18 U.S.C. § 3582. On April 3, 2020, Rabadi filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) with Judge Kenneth M. Karas of the Southern District of New York. *See* Case No. 13 Cr. 353 (KMK), Dkt. Nos. 84 (original redacted), 85 (supplemental request) (S.D.N.Y.). The Court ordered the government to respond to Rabadi's motion by Wednesday, April 8, 2020. *See* Dkt. No. 86.

**Nehemiah McBride**. On March 26, 2020, Petitioner Nehemiah McBride filed a request seeking compassionate release under 18 U.S.C. § 3582 with the Warden. On April 6, 2020, McBride filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) or, in the alternative, home confinement under 18 U.S.C. § 3264, with Judge Denise L. Cote of the Southern District of New York. *See* Case No. 15 Cr. 876 (DLC), Dkt. No. 70 (S.D.N.Y.) (redactions in original). On April 7, 2020, in response to the motion for compassionate release brought before the sentencing judge, the government filed a letter stating that, following a review of the unique circumstances faced by Petitioner McBride, the government does not oppose his immediate release. *See* Dkt. No. 72. Earlier today, Judge Cote granted McBride's motion and ordered his immediate release. *See* Dkt. No. 73. In light of McBride's immediate release ordered by the sentencing judge, his claim in this matter is moot and subject to dismissal. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (Article III of the United States Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies."); *Barrett v. United States*, 105 F.3d 793, 794-95 (2d Cir. 1996); *Fuller v. BIA*, 702 F.3d 83, 86 (2d Cir. 2012); *Feng Chen v. Sessions*, 321 F. Supp. 3d 332, 337 (E.D.N.Y. 2018); *Xian Yong Zeng v. Kerry*, 266 F. Supp. 3d 645, 647-48 (E.D.N.Y. 2017).

## II. Exhaustion of Administrative Remedies

By way of background, the sentencing district court judge may modify a term of imprisonment previously imposed if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). But it only may do so upon a motion of the BOP or upon a motion of the defendant, in the latter case provided that "the defendant has *fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* (emphasis added); *see United States v. Gagne*, No. 18 Cr. 242 (VLB), 2020 WL 1640152, at *2 (D. Conn. Apr. 2, 2020) ("Because of [the First Step Act,] a defendant may move for compassionate release 'after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'") (quoting 18 U.S.C. § 3582(c)); *United States v. Gileno*, No. 19 Cr. 161 (VAB), 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) ("As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action. As a result, the Court cannot consider his motion to modify his sentence.").

Section 3582(c)(1)(A)'s exhaustion requirement is therefore mandatory. It is critical, in this context, to note that Section 3582(c)'s exhaustion requirement is statutory, and thus is not the sort of judicially-crafted exhaustion requirement that "remain[s] amenable to judge-made exceptions." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *see Miranda v. Parrinelo*, No. 15- Civ. 955 (JMA) (AYS), 2017 WL 3531511, at *4 (E.D.N.Y. July 26, 2017) ("the Supreme Court has forcefully rejected judge-made exceptions to the PLRA's exhaustion requirement, stressing the mandatory language of the statute 'thus foreclosing judicial discretion.'") (quoting *Ross*, 136 S. Ct. at 1857), *report and recommendation adopted*, 2017 WL 3524669 (E.D.N.Y. Aug. 16, 2017). Statutory exhaustion requirements "stand[] on a different footing." *Ross*, 136 S. Ct. at 1857. There, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Id.* Thus, where a statute contains mandatory exhaustion language, the only permissible exceptions are those contained in the statute. *Id.*; *see also Bastek v. Fed. Crop. Ins.*, 145 F.3d 90, 94 (2d Cir. 1998) ("Faced with unambiguous statutory language requiring exhaustion of administrative remedies, we are not free to rewrite the statutory text.").

As described above, Section 3582(c)(1)(A) contains mandatory exhaustion language with no statutory exceptions. The plain language of the statute makes clear that a court "may not" modify a sentence unless, as relevant here, the defendant has first "fully exhausted all administrative rights" or waited 30 days after transmitting his request to the warden. Unlike the Prison Litigation Reform Act, for example, there is no statutory qualifier that a defendant need only exhaust all "available" remedies.[1] Thus, Section 3582(c)(1)(A) is a mandatory exhaustion

---

[1] In particular, the PLRA demands that an inmate exhaust "such administrative remedies *as are available*," meaning that the only permissible exception to exhaustion is where the remedies are "unavailable." *Ross,* 136 S. Ct. at 1856-58 (emphasis added); *see also id.* at 1855 (criticizing the "freewheeling approach" adopted by some Courts of Appeals to exhaustion requirements, and overruling

3

provision with no applicable exceptions. *Cf. Fry v. Napoleon Community Schools*, 137 S. Ct. 743, 750 (2017) (statute requiring that certain types of claims "shall be exhausted" is a mandatory exhaustion provision for those types of claims); *see also United States v. Monzon*, No. 99 Cr. 157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4, 2020).

In recent weeks, numerous defendants around the country have cited the unusual circumstances presented by COVID-19 as a basis for compassionate release, and have argued that the exhaustion requirement should be excused. The only Court of Appeals to have addressed the question has rejected the argument and required exhaustion. *See United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). In *Raia*, the Third Circuit recognized the serious concerns presented by COVID-19, but held that, in light of these concerns, as well as the BOP's statutory role and its "extensive and professional efforts to curtail the virus's spread, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.* at *2. The vast majority of district courts have also required exhaustion despite COVID-19 claims.[2] These decisions are consistent with the plain language of Section 3582(c).

To be sure, COVID-19 presents unusual circumstances, in which compassionate release decisions should be made expeditiously. But the text of Section 3582 contains no exigency exception for such circumstances, and indeed the text refutes the availability of such an exception in two respects. First, while many statutory exhaustion provisions require exhaustion of all administrative remedies before a claim is brought in court, Section 3582 provides an alternative: exhaustion of all administrative rights *or* the lapse of 30 days from the warden's receipt of the inmate's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). This alternative suggests that the Congress recognized that even if compassionate release requests cannot always await the full administrative process to be completed, the BOP should have at least 30 days to act on such a request. *See United States v. Arena*, No. 18 Cr. 14 (VM) (S.D.N.Y. Apr. 6, 2020) (Dkt. No. 354) (there is "simply no authority that permits [the defendant] to circumvent the administrative exhaustion requirement" based on a claim of futility, because the ability to seek relief after 30 days constitutes "an express futility provision").

---

precedent from the Second Circuit and other circuits that had read additional exceptions into the rule). Here, no such exception exists in the statute.

[2] *See United States v. Arena*, No. 18 Cr. 14 (VM) (S.D.N.Y. Apr. 6, 2020) (Dkt. No. 354); *United States v. Johnson*, No. 14 Cr. 441, 2020 WL 1663360, at *1 (D. Md. Apr. 3, 2020; *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); *United States v. Carver*, No. 19 Cr. 6044, 2020 WL 1604968, at *1 (E.D. Wa. Apr. 1, 2020); *United States v. Clark*, No. 17 Cr. 85 (SDD), 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); *United States v. Williams*, No. 15 Cr. 646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020); *United States v. Garza*, No. 18 Cr. 1745, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020); *United States v. Zywotko*, No. 19 Cr. 113, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); *United States v. Eberhart,* No. 13 Cr. 313 (PJH), 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *United States v. Gileno*, No. 19 Cr. 161, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020). *But see United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020); *United States v. Colvin*, No. 19 Cr. 179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020). Both *Perez* and *Colvin* relied on *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019), which is inapposite because it involves judge-made exhaustion doctrine.

Second, in cases presenting the most urgent circumstance—inmates diagnosed with a terminal illness—Section 3582(d) requires the BOP to process any application for compassionate release in 14 days. Inmates, however, would still need to comply with the exhaustion requirements. That the Congress allowed 14 days to process the claims of even a terminally ill inmate suggests that it could not have intended to allow a shorter period—which excusing exhaustion would provide—in a case, such as this, where the risk to Petitioners, while serious, remains potential.

As the Third Circuit properly recognized, the mandatory exhaustion requirement accommodates the valuable role that the BOP plays in the compassionate release process. Informed decisions about compassionate release require the collection of information, like disciplinary records, recidivism score, and medical history, that the BOP is uniquely suited to obtain and which will benefit both the BOP and later the court evaluating such claims. The BOP is also well situated to make relative judgments about the merits of compassionate release petitions—particularly at a time like this when many inmates are making petitions advancing similar claims—and adjudicate those positions in a consistent manner. The court may of course review those judgments, but the Congress expressed its clear intent that such review would come second, with the benefit of the BOP's initial assessment. *See United States v. Russo*, No. 16 Cr. 441 (LJL) (S.D.N.Y. Apr. 3, 2020) (Dkt. No. 54) (The statutory text "recognizes that the BOP is frequently in the best position to assess, at least in the first instance, a defendant's conditions, the risk presented to the public by his release, and the adequacy of a release plan. That recognition is consistent with one of the bedrock principles underlying administrative exhaustion—to permit the agency, with its expertise and with its responsibility over the movant, to make a decision in the first instance.").

Notwithstanding the above, the determination of a motion for compassionate release under 18 U.S.C. § 3852(c)(1)(A) is reserved to the *sentencing* judge in the underlying criminal matter. *Cf. United States v. Avery,* No. 19-1414, 2020 WL 1541080, at *2 (2d Cir. Apr. 1, 2020) ("We agree with the government that any reduction of the original 71-month sentence must be made by the sentencing court that imposed that sentence, namely, the United States District Court for the Eastern District of Virginia."); *Raia*, 2020 WL 1647922, at *2 ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted and Raia himself acknowledges."). It is not a decision to be made by a judge in a civil action or, for that matter, by a special master selected by Petitioners.

Respondent thanks the Court for its consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:       /s/
James R. Cho
Seth D. Eichenholtz
Joseph A. Marutollo
Assistant U.S. Attorneys
(718) 254-6519/7036/6288
james.cho@usdoj.gov
seth.eichenholtz@usdoj.gov
joseph.marutollo@usdoj.gov

cc: The Honorable Roanne L. Mann, U.S. Magistrate Judge
All Counsel of Record (by ECF)