

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

April 7, 2020

**By ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Chunn, et al.*, *v. Warden Derek Edge*, Civil Action No. 20-cv-1590 (Kovner, J.)

Dear Judge Kovner:

  Pursuant to the Court's April 5, 2020 Order, Respondent Derek Edge respectfully submits the below addendum to Respondent's April 7 letter (Dkt. No. 34) in light of recent developments with respect to petitioners Hassan Chunn and Justin Rodriguez. Respondent also briefly responds to Petitioners' letter (Dkt. No. 35), which was also filed this evening.

  With respect to Petitioner Hassan Chunn, the government filed a letter tonight to Chunn's sentencing judge indicating that, in light of the fact that BOP will not be able to issue a final decision prior to the expiration of Chunn's sentence, and given the extremely unique circumstances of this particular case—which include Chunn's medical conditions and history and the fact that he has only 10 days left on his sentence—the government does not assert the 30-day administrative exhaustion requirement in this case. *See* Case No. 16 Cr. 388, Dkt. No. 29 (E.D.N.Y.). Judge Cogan will be holding a hearing in this matter on Wednesday at 10:15 a.m.

  With respect to Petitioner Justin Rodriguez, the government filed a letter tonight to Rodriguez's sentencing judge requesting that the Court deny Rodriguez's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Case No. 16 Cr. 167 (LAP), Dkt. No. 331 (S.D.N.Y.).

  Finally, while Respondent reserves the right to respond more fully to Respondents' April 7 letter should the Court so request,[1] Respondent again respectfully submits that, for the reasons

---

[1] In their April 7 letter, Petitioners cite cases involving ICE detainees who have submitted requests for habeas relief. Petitioners appear to concede that these cases are distinct from the present case, as the ICE detainees are "held on immigration violations" rather than criminal violations. *See* Dkt. No. 35 at 2. In any event, other courts have denied ICE detainees' requests for TROs in similar circumstances. *See, e.g.*, *Patel v. Barr*, No. 2:20-cv-00488, Dkt. No. 9 (W.D. Wash., Apr. 2, 2020) (Martinez. J.) (denying

set forth in Respondent's briefs and subsequent filings, the Court should deny Petitioners' request for a TRO and a Special Master. Moreover, contrary to Petitioners' assertion in their April 7, 2020 letter, a court "should appoint a special master only in exceptional circumstances." *Burlington N. v. Dep't of Revenue*, 934 F.2d 1064, 1071 (9th Cir. 1991). Here, Petitioners' request that this Court appoint a Special Master is, at best, premature because Petitioners have not shown, and this Court has not indicated, that it cannot effectively or timely address the issues in this case. Additionally, Petitioners have failed to show any exceptional circumstances that would warrant the Court's appointment of a Special Master and neither party has a history of noncompliance. *See Burlington N.*, 934 F.2d at 1071; *cf. Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 482 (1986) (appointing a Special Master and noting the parties' "established record of resistance to prior state and federal court orders"). Petitioners still fail to point to any cases in which a court has appointed a Special Master to ensure compliance with a TRO at the outset of a lawsuit. Indeed, as evident by the ongoing developments in the petitioners' sentencing courts, a TRO—let alone a Special Master—would be wholly unwarranted here.

Respondent thanks the Court for its consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: _____/s/_____
James R. Cho
Seth D. Eichenholtz
Joseph A. Marutollo
Assistant U.S. Attorneys
(718) 254-6519/7036/6288
james.cho@usdoj.gov
seth.eichenholtz@usdoj.gov
joseph.marutollo@usdoj.gov

cc: The Honorable Roanne L. Mann, U.S. Magistrate Judge
All Counsel of Record (by ECF)

---

motion for a TRO where the petitioner sought release from an immigration detention facility due to potential exposure to COVID-19); *Sacal-Micha v. Longoria*, -- F. Supp. 3d -- , 2020 WL 1518861 (S.D. Tex. Mar. 27, 2020) (Rodriguez, J.) (denying TRO based on the possibility of COVID-19 outbreak in detention center); *Dawson v. Asher*, No 20-CV-409, 2020 WL 1304557, at *3 (W.D. Wash. Mar. 19, 2020) (Robart, J.) (denying TRO where "[t]here is no evidence of an outbreak at the detention center or that Defendants' precautionary measures are inadequate to contain such an outbreak or properly provide medical care should it occur.").