# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK  10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

April 12, 2020

Hon. Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:  *Hassan Chunn et al. v. Warden Derek Edge,* 20 Civ. 1590

Dear Judge Kovner:

  Along with the Cardozo Civil Rights Clinic, and Alexander A. Reinert, we represent Petitioners in the above-referenced case. Pursuant to the Court's Order of April 11, 2020, we enclose a copy of the Petitioners' Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) as served on Respondent's counsel via email today.

            Respectfully Submitted,
               /s
            Katherine Rosenfeld

Enc.

cc:  All Counsel (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HASSAN CHUNN, *et al.*, <br><br> individually and on behalf of all others similarly situated, <br><br>　　　　　　　　　　　　Petitioners <br>　　- against - <br><br> WARDEN DEREK EDGE, <br><br>　　　　　　　　　　　　Respondent. | No. 20 Civ. 1590 |

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

　　PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Petitioners, by and through their attorneys from the firms listed below, will conduct a deposition of Respondent Warden Derek Edge in his official capacity as Warden of the Metropolitan Detention Center ("Respondent") on April 20, 2020 at 10:00 a.m.

　　Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Respondent must designate one or more members of the Metropolitan Detention Center's ("MDC") management staff, medical staff, or other persons who consent to testify on its behalf, who must testify about information known or reasonably available to Respondent concerning the Matters for Deposition set forth below. **The timeframe for all Matters for Deposition is March 1, 2020 to date.**

　　At least three (3) days in advance of any session of this deposition, Respondent shall identify to Petitioners in writing the witness(es) who will testify at such session and the Matters for Deposition about which each such witness shall testify at such session.

## MATTERS FOR DEPOSITION

1. The total number of BOP employees and incarcerated people at the MDC on a weekly basis since March 1, 2020 who have (a) shown or described COVID-19 symptoms, (b) visited a hospital for treatment of COVID-19 symptoms, (c) spent time in isolation due to suspected COVID-19 exposure, (d) spent time in quarantine due to suspected COVID-19 exposure, (e) received the Warden's permission for release from the MDC pursuant to the Barr Directives, (f) requested medical care for COVID-19 symptoms, (g) been newly admitted to the MDC and (h) (for employees only) requested or taken sick days or other forms of leave due to suspected COVID-19 exposure or diagnosis.

2. The housing units in the MDC which the BOP has (a) placed on isolation or quarantine due to suspected COVID-19 exposure, (b) assigned new people admitted to the facility, or (c) transferred people from within the MDC.

3. How Respondent determines, assesses, and/or evaluates whether and when to (a) place or remove a housing unit on isolation or quarantine status, (b) place or remove an incarcerated person with COVID-19 symptoms in isolation or quarantine status, and (c) place or remove an incarcerated person with a positive COVID-19 test in isolation or quarantine status.

4. The medical care available at the MDC for testing and treating people who show COVID-19 symptoms or are diagnosed with COVID-19, including (a) how people request to be tested, (b) the criteria Health Services staff use to decide when to test a person and any guidance from the BOP to Respondent on the circumstances in which a COVID-19 test should be administered, (c) the role of BOP custody staff in assessing the need for testing, (d) the supply of available tests in the MDC, (e) the use of outside medical facilities for testing, (f) the number of Health Services staff on site each day of the week and their hours, (g) the ability to check oxygenation levels of symptomatic persons, (h) the procedures for people incarcerated at the MDC to request and receive medical care for suspected COVID-19 exposure or diagnosis, (i) the frequency and nature of the medical rounds conducted for people in isolation or quarantine as compared to other units, (j) medical care provided to people who are in respiratory distress, or show other signs of COVID-19, including loss of smell or taste, but do not have elevated temperatures, (k) how long it takes to receive COVID-19 test results and inform the tested person of his result; and (l) any new procedures instituted to alter the normal provision of medical care in light of COVID-19, including how Respondent is "prioritizing immediate medical care for anyone who claims symptoms indicative of COVID-19 infection." Dkt. 18-1, ¶ 22.

5. Procedures relating to hygiene, supplies, and sanitation, including (a) which hygiene supplies (such as soap, hand sanitizer, towels, and supplies for cleaning cells) Respondent provides to people incarcerated in the MDC and the schedule for providing them, (b) how often Respondent replenishes those supplies, (c) the current stock of hygiene supplies in the commissary available for purchase, (d) the Personal Protective Equipment available, and how often it is resupplied, including to those people assigned to clean the facility,

and to staff employed at the MDC and (e) Respondent's implementation of increased sanitation procedures and introduction of "additional and stronger cleaning" supplies. Dkt. 18-1,¶ 15.

6. Respondent's rules, regulations, methods, policies, and procedures for (a) COVID-19 intake and screening for new admissions of incarcerated people entering the facility, (b) COVID-19 intake and screening for staff entering the facility, (c) when staff may report to work at the MDC after they report symptoms of COVID-19 or test positive for COVID-19, (d) notifying staff who were in contact with other staff members who test positive or are presumed positive, (e) quarantining staff who were in contact with other staff members who test positive or are presumed positive, and (f) isolating or quarantining incarcerated people who were in contact with staff members who test positive or are presumed positive.

7. Quarantine and isolation conditions for people who are incarcerated in the MDC and test positive for COVID-19 including where they are assigned for their housing unit, type and density of housing, frequency and type of medical monitoring, access to emergency call mechanisms, and access to food, water, showers, clean clothes and linens, and telephone and email.

8. Respondent's procedures instituted to address the care, custody, and supervision of people who are incarcerated in the MDC and fall into the high-risk groups identified by the CDC (the "BOP List") and the identity of the person responsible for overseeing the supervision of the BOP List.

,
9. Respondent's rules, regulations, methods, policies, and procedures for providing CDC-recommended "social distancing" between people incarcerated in the MDC, including for (a) pill line and insulin line, (b) group meetings, (c) showers, (d) phone and computer usage, (e) meals, (f) orderly cleaning crews, (g) orderly kitchen workers, (h) other group activities, and (i) cells.

This deposition will be conducted before a notary public or other officer authorized to administer oaths and will be recorded by stenographic and/or sound-and-visual means, in this case **Zoom Video Conference**. The deposition will be taken pursuant to the Federal Rules of Civil Procedure.

Dated: New York, New York  
April 12, 2020

EMERY CELLI BRINCKERHOFF  
& ABADY LLP

By: /s/ Katherine R. Rosenfeld  
Katherine R. Rosenfeld  
O. Andrew F. Wilson  
Samuel Shapiro  
Scout Katovich  
600 Fifth Avenue, 10th Floor  
New York, NY 10020  
(212) 763-5000

CARDOZO CIVIL RIGHTS CLINIC  
Betsy Ginsberg  
Cardozo Civil Rights Clinic  
Benjamin N. Cardozo School of Law  
55 Fifth Avenue, 11th Floor  
New York, NY 1003  
(212) 790-0871

Alexander A. Reinert  
55 Fifth Avenue, Room 1005  
New York, NY 1003  
(212) 790-0403

*Attorneys for Petitioners*