UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HASSAN CHUNN; NEHEMIAH McBRIDE;
AYMAN RABADI by his Next Friend Migdaliz
Quinones; and JUSTIN RODRIGUEZ, by his
Next Friend Jacklyn Romanoff, individually
and on behalf of all others similarly situated,

                Petitioners,

        -against-                                  ORDER
                                                20-cv-1590 (RPK)

WARDEN DEREK EDGE,

                Respondent.

-----------------------------------------------------------X

RACHEL P. KOVNER, United States District Judge:

At a teleconference yesterday, I authorized limited expedited discovery in advance of petitioners' motion for a preliminary injunction and I declined to stay that discovery pending respondent's anticipated motion to dismiss. This order addresses objections to petitioners' discovery requests and sets schedules for expedited discovery and for preliminary-injunction briefing.

    **I.**    **Petitioners' Discovery Requests**

    **A.**    **Testing Protocols**

Petitioners request "[t]esting protocols" for COVID-19 that were in effect at the Metropolitan Detention Center ("MDC") from February 1, 2020 to April 10, 2020. Proposed Case Management Plan ("Case Management Plan") at 2, Dkt. No. 37-1. At the teleconference yesterday, petitioners explained the "protocols" they seek are those that govern when inmates or staff members are tested for COVID-19 and how a person at the MDC can request a COVID-19

1

test. The information sought by petitioners is relevant to their Eighth Amendment claims, which concern the likely prevalence of COVID-19 within the MDC. Respondent is presently relying on the relative paucity of positive tests to undercut petitioners' argument that respondent is being deliberately indifferent to a substantial risk of harm related to COVID-19 in the facility. *See, e.g.*, Resp. Mem. of Law in Opp. to Petrs' Mot. for TRO at 8, Dkt No. 18 (asserting that petitioners' arguments that they are at a heightened risk from COVID-19 within the MDC are "purely speculative" when at the time of the filing "there ha[d] been only one reported case of COVID-19 among inmates at the MDC"); *id.* at 1 ("COVID-19 has not been spreading in the MDC"). Evidence about when the MDC tests for COVID-19 bears on respondent's argument that the small number of positive tests suggests that COVID-19 is not widespread within the facility. That evidence is not currently being disclosed in response to Administrative Order No. 2020-14. *Cf.* Respondent's Letter of April 13, 2020 ("Resp. Ltr.") at 4, Dkt. No. 42.

By April 15, 2020, respondent shall produce documents containing protocols that govern when inmates or staff members are tested for COVID-19 and how a person at the MDC can request such a test. Alternatively, respondent shall produce a statement from a person with first-hand knowledge affirming that no responsive documents exist beyond those disclosed in response to Administrative Order No. 2020-14.

B.     **Soap Records**

Petitioners request "[d]ocuments sufficient to show how much soap was received at the MDC from February 1, 2020 to date." Case Management Plan 2. Respondent represented at the teleconference that it is seeking responsive documents and will produce them if identified. Nevertheless, respondent objects that "[t]his request is overly broad inasmuch as it seeks information relating to the impact of soap deliveries to *all* inmates at the MDC, not just

2

Petitioners." Resp. Ltr. 4-5. Respondent's objection is overruled. Whether soap is being supplied to the MDC is relevant to whether *petitioners* have access to soap, even if it is also relevant to whether other inmates have access to soap. Moreover, availability of soap to other inmates bears on petitioners' Eighth Amendment claims. Were the evidence to establish that other inmates lacked access to soap, and that petitioners lacked the ability to socially distance from other inmates, that evidence would shed light on the risk of harm faced by petitioners and on the reasonableness of respondent's actions to address that risk. Respondent also objects that petitioners' request is "overly broad" and "disproportionate" because "[d]ifferent departments within the MDC *may have* ordered soap separately, and records documenting purchases and shipments are not maintained centrally or electronically." *Id.* at 5 (emphasis added). But respondent was unable to specify yesterday how many different departments within the MDC separately place soap orders. Without more specificity from respondent, the Court cannot assess whether petitioners' request would truly place an undue burden on respondent.

By April 15, 2020, respondent shall produce the requested documents, including records of shipments received and invoices from which a delivery date might be determined. Alternatively, the government shall produce a statement from a person with first-hand knowledge (**i**) specifying how many departments or individuals within the MDC purchase soap, and (**ii**) explaining with particularity why it would be unduly burdensome to compile the requested information.

### C. Sick-Call Requests

Petitioners seek "[a]ll sick call requests for medical care made by people incarcerated at [the] MDC from March 13, 2020, in redacted form to omit the person's name and DIN number." Case Management Plan 2. Respondent argues that this request is overbroad because it is not limited to sick-call requests by Petitioners Rodriguez and Rabadi. Resp. Ltr. 5. Respondent's objection is

overruled. Sick-call requests by other inmates are relevant to petitioners' Eighth Amendment claims. As noted above, while respondent has sought to rebut petitioners' arguments by pointing to the limited number of positive tests thus far, very few inmates have been tested. Evidence of the number of inmates submitting sick-call requests based on symptoms consistent with COVID-19 is relevant to assessing the likely prevalence of COVID-19 within a facility where few tests have occurred. In addition, were the evidence to establish that the MDC has received many sick-call requests reporting COVID-19 symptoms, but that it has performed very few tests in response, that evidence would be relevant to petitioners' argument that the MDC's medical staff is not prepared to provide appropriate care to them (including diagnostic care) if they contract COVID-19.

Respondent next objects to petitioners' sick-call request on the ground that it invades the privacy of inmates who are not parties to this lawsuit. Resp. Ltr. 5. That objection is overruled. Petitioners seek sick-call requests *in redacted form*, with inmates' names and DIN numbers omitted, which substantially diminishes the privacy interests implicated. Insofar as respondent suggests that disclosure of the sick-call requests would violate the Health Insurance Portability and Accountability Act of 1996 (HIPAA), respondent is mistaken. HIPAA permits the disclosure of redacted and de-identified health information. *See* 45 C.F.R. § 164.514(a). Furthermore, entities subject to HIPAA may disclose covered information pursuant to a court order in a judicial proceeding. *See* 45 C.F.R. § 164.512(e)(1)(i). Privacy interests can be further addressed through a protective order limiting any dissemination of the redacted sick-call requests.

Finally, respondent objects to petitioners' sick-call request as "not proportional to the needs of this case" in light of the "multiple methods by which inmates can make sick call requests."

4

Resp. Ltr. 5-6. Respondent stated at yesterday's teleconference that while some such requests are made electronically through the TRULINCS system, other requests are made in person or via paper forms. According to respondent, identifying all responsive requests would therefore require review of every MDC inmate's medical file. In response, petitioners stated that they do not seek such a review, and instead seek only sick-call requests logged electronically. Respondent was not able to specifically explain at the teleconference the burdens that would be involved in a search of sick-call requests submitted electronically.

By April 15, 2020, respondent shall produce all sick-call requests for medical care submitted electronically by persons incarcerated at the MDC from March 13, 2020 to April 13, 2020, in redacted form that omits names and DIN numbers, or respondent shall explain with specificity any objection based on burdensomeness. If respondent objects based on burdensomeness, respondent should explain (**i**) whether any centralized record of sick-call requests is maintained, (**ii**) the number of MDC personnel who are designated to receive sick-call requests, (**iii**) whether personnel who receive such requests transmit them to one or more central points of contact, and (**iv**) the burden that would be involved in searching the TRULINCS records of the individuals who receive such requests. The Court further requests that the parties confer regarding a protective order limiting the dissemination of the sick-call requests and submit a proposed order to the Court by April 15, 2020.

### D. Rule 30(b)(6) Deposition

Petitioners served respondent with a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Petitioners seek to depose one or more members of the MDC's management staff or medical staff, or other persons who consent to testify on the MDC's behalf, regarding nine COVID-19-related topics. *See* Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6),

Dkt. No. 41. Respondent objects that the topics identified by petitioners "are overly broad and far reaching," but respondent does not specifically identify any portion of the Rule 30(b)(6) request that he believes sweeps too broadly. Resp. Ltr. 11. On this record, I am unable to conclude that petitioners' nine Rule 30(b)(6) requests are excessively broad.

Respondent alternatively asserts that petitioners' Rule 30(b)(6) request is unduly burdensome because petitioners could obtain the information they seek using other discovery tools, such as document requests or interrogatories. *Ibid.* Respondent's point regarding the relative burden of a Rule 30(b)(6) deposition is persuasive with respect to the first topic petitioners propose to cover in the Rule 30(b)(6) deposition—the number of MDC employees and inmates who fall into certain categories (*e.g.*, showing or describing COVID-19 symptoms, visiting a hospital for treatment of such symptoms, spending time in quarantine due to COVID-19 exposure). Accordingly, petitioners' first matter for deposition—seeking the number of BOP employees and inmates in certain categories—is converted to an interrogatory. Respondent shall respond by April 27, 2020.

Respondent's argument regarding the burdens of a Rule 30(b)(6) deposition is overruled with respect to the remaining topics in petitioners' Rule 30(b)(6) notice. It may well be the case that petitioners could obtain at least some of the additional information they seek using other discovery tools. Respondent, however, has not demonstrated that it would be substantially more onerous—or even more onerous at all—for respondent to provide this information through a Rule 30(b)(6) deposition.

Respondent finally asserts that it would be unreasonable for respondent to be required to identify witnesses on the topics at issue on the timeline that petitioners have proposed. As set

out in the schedule below, I am providing respondent with some additional time for identifying the deponent(s) and holding the deposition(s).

### E. Site Inspection

I expect to address petitioners' request for a site inspection in a further order.

## II. Schedule for Expedited Discovery and for Preliminary Injunction Briefing

The following schedule is adopted:

| Event | Date |
|---|---|
| Respondent serves discovery requests. | 4/15/2020 |
| Respondent provides responsive documents regarding testing protocols as set out above. Respondent provides responsive documents concerning soap and sick-call requests or develops objections as discussed above. Parties submit proposed protective order governing sick-call requests. | 4/15/2020 |
| Petitioners provide responsive documents or objections to respondent's discovery requests. | 4/17/2020 |
| Respondent identifies Rule 30(b)(6) deponent(s). | 4/21/2020 |
| Inspection of the MDC by petitioners' expert, if authorized. | The parties shall choose a mutually acceptable date in the week of 4/21/2020 |
| Rule 30(b)(6) deposition. Respondent also supplies via interrogatory response the numerical data that petitioners sought in their first matter for deposition. | 4/27/2020 |
| Petitioners' brief in support of a preliminary injunction, including any supplemental expert report. | 4/28/2020 |
| Respondent's brief in opposition to a preliminary injunction, including any expert report. | 5/5/2020 |
| Petitioners' reply brief. | 5/8/2020 |

| Event | Date |
|---|---|
| Preliminary injunction hearing. | 5/12/2020 |

SO ORDERED.

                                                     /s/ Rachel Kovner
                                                    RACHEL P. KOVNER
                                                    United States District Judge

Dated: Brooklyn, New York
          April 14, 2020