```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
```

| | |
|---|---|
| HASSAN CHUNN; NEHEMIAH McBRIDE; AYMAN RABADI by his Next Friend Migdaliz Quinones; and JUSTIN RODRIGUEZ by his Next Friend Jacklyn Romanoff, individually and on behalf of all others similarly situated, | Civil Action No. 20-CV-1590 (Kovner, J.) (Mann, M.J.) |

                                          Petitioners,

           -against-

WARDEN DEREK EDGE,

                                          Respondent.

```
----------------------------------------------------------x
```

## STIPULATION AND ORDER FOR THE PROTECTION OF SICK-CALL DOCUMENTS

WHEREAS, Petitioners Hassan Chunn, Nehemiah McBride, Ayman Rabadi, and Justin Rodriguez (collectively, "Petitioners"), brought the above-captioned habeas action pursuant to 28 U.S.C. § 2241 against Respondent Warden Derek Edge ("Respondent");

WHEREAS, the Court has ordered that Respondent produce to Petitioners "all sick-call requests for medical care submitted electronically by persons incarcerated at the MDC from March 13, 2020 to April 13, 2020, in redacted form that omits names and DIN numbers," or, alternatively, provide information as to why producing such documents is unduly burdensome, Dkt. 43 at 5 (hereinafter "Sick-Call Documents");

WHEREAS, Respondent contends that the Sick-Call Documents concern privileged, sensitive or confidential matters and are protected from disclosure by law;

WHEREAS, in order to permit the Petitioners to discover the Sick-Call Documents, the Court hereby enters this Stipulation and Order for the Protection of Sick-Call Documents

("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), for the purposes of addressing Respondent's concerns about the Sick-Call Documents.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their counsel, as follows:

1. In response to Petitioners' discovery request and the Court's April 14, 2020 Order relating to "sick call requests for medical care made by people incarcerated at [the] MDC," Respondent may designate the Sick-Call Documents as "Confidential Material." The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(1l) to produce such records pursuant to the terms contained herein.

2. Statistics, numerical summaries, compilations of data, and other summary data gathered from the Sick-Call Documents is excluded from the restrictions of this Protective Order.

3. The Sick-Call Documents shall be used solely for the purposes of this litigation, and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

4. Petitioners shall not make copies of the Sick-Call Documents except to the extent necessary for the litigation of this action and the parties' preparation of this action for the preliminary injunction hearing or trial.

5. The Sick-Call Documents shall be handled as follows:

   (a) The Sick-Call Documents shall not be disclosed to the public by the parties or their respective counsel, nor disclosed to any other person or entity without further order of the Court or stipulation by the parties.

   (b) The Sick-Call Documents may be disclosed by the parties or their

respective counsel only to the following persons: (1) the parties to the action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such parties, or any current or former employees of such parties who are authorized to act on the parties' behalf, or who may be reasonably necessary to aid counsel in the prosecution or defense of this action; (2) counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff; (3) outside vendors who perform scanning, photocopying, computer classification, or similar clerical functions, but only for the time period necessary to perform those services; (4) the Court and its personnel in accordance with paragraph 7 of this Protective Order; (5) court reporters who record depositions or other testimony in this case; (6) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (7) witnesses at any deposition in this action, subject to the provisions of paragraph 6 of this Protective Order; (8) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of this action; (9) witnesses expected to testify at the preliminary injunction hearing or trial; and (10) any other person to whom the party who originally designated the material as confidential agrees in writing after being given five (5) business days written notice.

6. All individuals to whom the Sick-Call Documents are disclosed shall be informed

of and shall agree with the terms of this Protective Order; shall not disclose or use the Sick-Call Documents except in compliance with this Protective Order; and, acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgment form, which is attached as Exhibit A. A copy of each such acknowledgment form must be provided promptly after its execution to counsel of record for both parties.

7. With respect to the Sick-Call Documents designated as "Confidential Material" in accordance with the terms of this Protective Order and any pleadings, motions or other papers to be filed with the Court disclosing the Sick-Call Documents protected from disclosure, the parties shall, before filing such information or documents with the Court, inform the Court of its intention to file such Sick-Call Documents and request the Court's ruling as to whether the information and/or documents should be filed "under seal." If the party's request is granted, the information or documents to be filed "under seal" shall be filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the information or documents filed "under seal" if feasible, given the information that needs to be redacted.

8. Nothing in this Protective Order shall preclude any disclosure of the Sick-Call Documents that are subject to this Protective Order to any district judge, magistrate judge, or employee of the Court for purposes of this case.

9. The Sick-Call Documents supplied by Respondent, and all copies thereof, shall be returned to counsel for the Respondent within ninety (90) days of the conclusion of this litigation through settlement and completion of all settlement terms, or if applicable, after all trial and/or appellate proceedings have been completed. In the alternative, counsel for the Petitioners may certify in a signed writing addressed to counsel for the Respondent that all "Confidential

Material" has been destroyed.

10. Inadvertent production of the Sick-Call Document shall not in itself be deemed a waiver of any claim or confidentiality as to those documents or information. If the Respondent fail to mark an item as the "Sick-Call Document" or "Confidential" at the time of production, the Respondent may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential. In the event of inadvertent production or disclosure, the producing entity may provide written notice to the parties identifying the material inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing entity all such material, and copies thereof, in his, her or its possession.

11. This Protective Order does not constitute a ruling on the question of whether the Sick-Call Documents are properly discoverable and does not constitute a ruling on any potential objection to discoverability, relevance, or admissibility of a document or information. Nor does this Protective Order constitute a ruling on the question of whether the Respondent or the United States may withhold any particular document or category of information on the basis of privilege or whether the Sick-Call Documents contain privileged, sensitive, or confidential information.

12. This Protective Order does not constitute a waiver of any privilege or defense that the Respondent or United States have regarding the production of the requested information or a waiver of Petitioners' objections to the designation of the requested information as privileged, sensitive, or confidential. Thus, this Protective Order cannot be used as evidence of a waiver of any production objection, including, but not limited to, relevance, undue burden, over breadth, ambiguity, or that the information sought will not lead to the discovery of admissible evidence, or any waiver of a challenge to such objections..

13. This Protective Order is without prejudice to the rights of the Respondent to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. This Protective Order shall not prejudice in any way the right of the parties or of Respondent to apply to the Court for a further protective order relating to the Sick-Call Documents or of Petitioners to apply to the Court for any change or amendment to this Protective Order after reviewing the Sick-Call Documents.

14. Nothing in this Protective Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing the Sick-Call Documents as the United States, its agencies, and its employees, would otherwise be authorized to do absent entry of the Protective Order.

15. It is contemplated that this Stipulation and Order may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

Dated: New York, New York
April 15, 2020

      EMERY CELLI BRINCKERHOFF
      & ABADY LLP

By: /s/ Katherine R. Rosenfeld
   Katherine R. Rosenfeld
   O. Andrew F. Wilson
   Samuel Shapiro
   Scout Katovich
   600 Fifth Avenue, 10th Floor
   New York, NY 10020
   (212) 763-5000

   CARDOZO CIVIL RIGHTS CLINIC
   Betsy Ginsberg
   Cardozo Civil Rights Clinic
   Benjamin N. Cardozo School of Law
   55 Fifth Avenue, 11th Floor
   New York, NY 1003
   (212) 790-0871

   Alexander A. Reinert
   55 Fifth Avenue, Room 1005
   New York, NY 1003
   (212) 790-0403
   *Attorneys for Petitioners and Putative Class*

Dated: Brooklyn, New York
April 15, 2020

        RICHARD P. DONOGHUE
        United States Attorney
        *Counsel for Respondent*
        Eastern District of New York
        271-A Cadman Plaza East, 7th Fl.
        Brooklyn, New York 11201

By:   /s/ James R. Cho
       James R. Cho
       Seth D. Eichenholtz
       Joseph A. Marutollo
       Paulina Stamatelos
       Assistant U.S. Attorneys
       (718) 254-6519/7036/6288/6198
       james.cho@usdoj.gov
       seth.eichenholtz@usdoj.gov
       joseph.marutollo@usdoj.gov
       pauline.stamatelos@usdoj.gov

**SO ORDERED:**

This ____ day of _____, 2020

_____
HONORABLE RACHEL P. KOVNER
United States District Judge
Eastern District of New York

**EXHIBIT A**

**STIPULATION AND ORDER FOR THE PROTECTION OF
SICK-CALL DOCUMENTS ACKNOWLEDGMENT FORM**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

HASSAN CHUNN; NEHEMIAH McBRIDE;
AYMAN RABADI by his Next Friend Migdaliz
Quinones; and JUSTIN RODRIGUEZ by his
Next Friend Jacklyn Romanoff, individually and
on behalf of all others similarly situated,

    Civil Action No.
    20-CV-1590 (Kovner, J.) (Mann, M.J.)

                  Petitioners,

       -against-

WARDEN DEREK EDGE,

                  Respondent.

-----------------------------------------------------------x

**ACKNOWLEDGMENT FORM FOR STIPULATION AND PROTECTIVE ORDER**

    I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have read and understand the provisions of the Stipulation and Order for the Protection of Sick-Call Documents in this case and I will comply with all of its provisions.

    5.    I will hold in confidence, and not disclose to anyone not qualified under the Stipulation and Order for the Protection of Sick-Call Documents, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material" that has been disclosed to me.

    6.    I will limit my use of "Confidential Material" solely to the purpose of this lawsuit.

    I certify under penalty of perjury that the foregoing is true and correct.

    Dated: _____        Signed: _____