



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 15, 2020

**By ECF (w/ enclosures)**

Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Chunn, et al. v. Warden Derek Edge*,
              Civil Action No. 20-cv-1590 (Kovner, J.) (Mann, M.J.)

Dear Judge Kovner:

      Respondent respectfully responds herein to the Court's April 14, 2020 Order regarding Petitioners' expedited discovery requests.

      In the Court's April 14th Order, the Court ordered that, "[b]y April 15, 2020, Respondent shall produce documents containing protocols that govern when inmates or staff members are tested for COVID-19 and how a person at the MDC can request such a test. Alternatively, respondent shall produce a statement from a person with firsthand knowledge affirming that no responsive documents exist beyond those disclosed in response to Administrative Order No. 2020-14." Dkt. No. 43. In response to this Order, Respondent respectfully refers to the declaration of Lieutenant Commander D. Jordan, RN/BSN ("Declaration") and the documents annexed thereto (Bates numbered BOP 8-203).[1]

      Additionally, the Court ordered that, "[b]y April 15, 2020, Respondent shall produce the requested documents [related to soap records], including records of shipments received and invoices from which a delivery date might be determined. Alternatively, the government shall produce a statement from a person with first-hand knowledge (i) specifying how many departments or individuals within the MDC purchase soap, and (ii) explaining with particularity why it would be unduly burdensome to compile the requested information." Dkt. No. 43. Annexed hereto are invoices and shipment records of soap to the MDC (Bates numbered BOP 1-7). The invoices reflect the purchase of soap in October 2019 that was delivered on January 30, 2020. *See id*. Other

---

[1] Given the expedited nature of this litigation, and in an effort to provide the Court with as much information as possible pursuant to the April 14th Order, Respondent attaches these documents hereto. When Respondent serves, or responds to, discovery in the future, Respondent will only serve said discovery to Petitioners consistent with the Federal Rules, unless otherwise ordered by the Court.

purchases of soap were made on September 27, 2019 and April 8, 2020. *See id*. We are awaiting confirmation as to the date of those deliveries. Further, additional soap purchases and deliveries may have been made, but due to the lack of availability of BOP staff members, Respondent has not yet been able to confirm. Without in any way waiving any objections, Respondent will supplement his response, if any, by Monday, April 20, 2020.

Finally, the Court ordered that, "[b]y April 15, 2020, respondent shall produce all sick-call requests for medical care submitted electronically by persons incarcerated at the MDC from March 13, 2020 to April 13, 2020, in redacted form that omits names and DIN numbers, or respondent shall explain with specificity any objection based on burdensomeness. If respondent objects based on burdensomeness, respondent should explain (i) whether any centralized record of sick-call requests is maintained, (ii) the number of MDC personnel who are designated to receive sick-call requests, (iii) whether personnel who receive such requests transmit them to one or more central points of contact, and (iv) the burden that would be involved in searching the TRULINCS records of the individuals who receive such requests."

The BOP had identified an electronic TRULINCS sick call inbox ("sick call inbox") where inmates are able to send electronic sick call requests. Due to the current unavailability of staff at the MDC with the technical expertise to download the past sick call requests, we are attempting to identify a method to obtain the records remotely. Due to technical difficulties attempting to access the electronic records remotely, Respondent has not been able to download the sick call requests. At this time, Respondent is unable to determine the exact volume of records in the sick call inbox and the precise burdensomeness associated with reviewing those records for responsiveness. Respondent respectfully requests three additional business days, until Monday, April 20, to provide the Court with additional information in response to the Court's order regarding sick-call requests. In the event, Respondent is able to download the electronically-stored sick call requests in the interim, Respondent will produce responsive documents forthwith.

Respondent thanks the Court for its consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
James R. Cho
Seth D. Eichenholtz
Joseph A. Marutollo
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6519/7036/6288/6198
james.cho@usdoj.gov
seth.eichenholtz@usdoj.gov
joseph.marutollo@usdoj.gov
pauline.stamatelos@usdoj.gov

Enclosures

cc: The Honorable Roanne L. Mann, U.S. Magistrate Judge
All Counsel of Record (by ECF)