# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

April 20, 2020

Hon. Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Hassan Chunn et al. v. Warden Derek Edge,* 20 Civ. 1590

Dear Judge Kovner:

  Along with the Cardozo Civil Rights Clinic, and Alexander A. Reinert, we represent Petitioners in the above-referenced case. We write to request that the Court quash the deposition subpoena of Dr. Venters as disproportionate to the needs of the case, given the other discovery available to Respondent, and the abbreviated nature of these proceedings.

  Consistent with the expedited schedule ordered by the Court, Respondent served discovery demands to Petitioners on Wednesday, April 15, 2020 at 8:30pm consisting of (1) Respondent's First Set of Interrogatories; (2) Requests for Documents; (3) Notices of Deposition for Petitioners Rabadi and Rodriguez; and then one day later, on Thursday, April 16, 2020, (4) Notice of Deposition of Dr. Venters. *See* Exs. A-D annexed to this letter.

  On Thursday, April 16, 2020 at 12:46pm, Petitioners emailed Respondent and laid out a detailed series of objections and concerns about these demands. Respondent's counsel did not provide a substantive response to this email, but stated that they would review it and inform us whether it was necessary to have further discussions. On Friday, April 17, 2020, at 2:52pm, Petitioner again contacted Respondent about our objections to the discovery served, and Respondent replied that afternoon. The parties met and conferred regarding the matter today. The core difference between the parties arises from a difference in opinion about the appropriate scope for discovery in these emergent and expedited proceedings. Petitioners, recognizing the context and time pressures of this proceeding, sought and propounded limited and narrowly tailored discovery from Respondent. By contrast, Respondent's discovery demands seek the equivalent of full discovery on an expedited timeline. Respondent's requests are particularly misplaced given that Respondent already possesses the vast majority of information at issue in

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

this case, rather than Petitioners, who are two incarcerated individuals with essentially no personal possession or documents, and almost no access to their counsel.

  For example, Respondent seeks 21 categories of documents, many quite broad, and 22 interrogatories directed at each petitioner, in addition to their individual depositions and a deposition of Dr. Homer Venters. Respondent's interrogatories and document demands seek information and documents regarding "each and every person" who has knowledge of the facts set forth in the Petition and who has "knowledge or information" regarding Petitioners' constitutional claims. (Interrogatory Nos. 3 and 6). They seek to identify "each and every instance" in which Respondent violated Petitioners' constitutional rights (Interrogatory No. 4) and for a detailed report of any "physical, emotional, mental health conditions, disabilities and/or injuries . . . that you claim are the result of the incidents set forth in the Petition, and for each condition, state the specific cause of such condition, etc., whether such condition, etc., is permanent or temporary, how much the condition hurt, how long the condition hurt, how the condition affected your activities, how the condition was treated, and how long the condition took to heal." (Interrogatory No. 11). They ask for the "physical evidence of any such condition. . . and its present location (including all persons in possession, custody or control of such evidence)," including any written reports regarding that condition. (Interrogatory No. 12). And they seek the names of any medical personnel who have treated Petitioners from 2013 until the present, along with any documents related to that treatment. (Interrogatory No. 14).

  Respondent's requests are far broader than the limited discovery Petitioners sought and are inappropriate given that Respondent is in possession of the vast majority of information at issue in this case.  Petitioners' counsel also has extremely limited access to our clients, who are currently locked down in their cells at the MDC close to 24 hours a day, compounding the impractical and inefficient nature of Respondent's proposals. Notably, although Petitioners bear the burden of proof and persuasion in this matter, we have intentionally cabined our discovery demands to focus on the issues concretely in dispute between the parties.

  We requested that Respondent narrows his discovery demand as follows. First, we proposed that Respondent seek either depositions or interrogatories of Petitioners. In the context of an expedited proceeding, Respondent's request broadly to utilize multiple discovery devices is excessive and duplicative, particularly because Respondent is in possession of the vast amount of relevant information concerning Petitioners. We also informed Respondent that our agreement to either is conditioned upon adequate confidential access to our clients in advance of the deposition or interrogatory deadline, and that if Respondent opted for depositions, they would need to be appropriately limited in time given the case and posture. In response, Respondent directed us to schedule legal calls with our clients. We took that step, but the earliest possible opportunity for those calls was this afternoon, and the calls were each limited to 45 minutes. Respondent would not agree to limit the length of time they spent deposing Petitioners, however, unless they received "pertinent information" from the interrogatories. Petitioners, by contrast, proposed that depositions should not exceed three hours for each deponent. As of this writing, given Respondent's unwillingness to compromise, Petitioners are proceeding to respond and object to Respondent's interrogatories.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

  With respect to documents, we suggested that if there are particular documents that Respondent seeks that are in fact relevant to this proceeding other than medical records (which the BOP already possesses), Respondent should identify those documents. With respect to other documents, we proposed that the parties agree to exchange exhibits in advance of the hearing. Respondent would not agree to limit their discovery demands in any way, although he has agreed to discuss a schedule for exchanging witness and exhibit lists prior to the preliminary injunction hearing. As of this writing, given Respondent's unwillingness to compromise, Petitioners are proceeding to respond and object to Respondent's document requests.

  As stated in Petitioner's original proposal, Dkt. 37-1 at 3, Petitioner does not believe that an expert deposition is appropriate given the expedited nature of this proceeding, nor does the Court's Order granting expedited discovery (Dkt. 43) make reference to any expert depositions. We have agreed that Dr. Venters would produce a report based on his inspection to be conducted on April 23, 2020, and that he would be available for testimony at the hearing. Respondent will not agree to forego deposing Dr. Venters without seeing his expert report. Given the expedited nature of this proceeding, the availability of the forthcoming expert report, the large amount of publicly available information on Dr. Venters' qualifications, and the availability of Dr. Venters' previous declaration in this matter, Petitioner submits that the added burden of preparing for and defending an expert deposition in advance of the Preliminary Injunction Hearing is not proportionate to the needs of this case.

  We are reluctant to burden the Court with another submission in this case, but we have conferred in good faith with Respondent and have made no progress. We therefore respectfully request that a discovery conference be held before Your Honor or Magistrate Judge Mann at a time that is convenient to the Court.

                Respectfully Submitted,
                    /s
                Katherine Rosenfeld

cc: All Counsel (via ECF)