RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

April 24, 2020

Hon. Rachel P. Kovner
United States District Judge
Hon. Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Hassan Chunn et al. v. Warden Derek Edge,* 20 Civ. 1590

Dear Judge Kovner and Judge Mann,

  Along with the Cardozo Civil Rights Clinic, and Alexander A. Reinert, we represent Petitioners in the above the above-referenced case. With apologies to the Court for the late hour of this filing, we write to inform the Court of two other discovery disputes, in the hope that Judge Mann could address them with the parties during tomorrow's already scheduled teleconference. The first issue involves the duration and protocol for the Rule 30(b)(6) deposition scheduled for Monday, April 27, 2020. The second issue involves Petitioners' request that Respondent supplement his production consisting of electronic requests for medical care made by people incarcerated at the MDC (the "electronic sick-call requests") to also include paper sick-call requests.

  First, Petitioners are scheduled to take a Rule 30(b)(6) deposition of two witnesses designated by Respondent on Monday, April 27, 2020, per Judge Kovner's April 14, 2020 Order. ECF 43. On April 21, 2020, Respondent identified the two witnesses for the deposition and indicated which topics each would address. He also requested some clarifications on the topics listed in the notice, and suggested that the testimony of each deponent be limited to four hours. On April 22, 2020, Petitioners responded, providing the requested clarification, and suggesting instead that the testimony of Ms. Vasquez, the witness identified to address the vast majority of the topics, be limited to six hours and the testimony of the other witness, Ms. King, be limited to two hours. Additionally, in an attempt to prevent the need for the Court's intervention during the deposition, Petitioners asked Respondent to agree that only form objections and instructions on privilege were permitted during the course of the deposition, and that Respondent would not object or instruct witnesses not to answer on the ground that a question exceeded the scope of the

Rule 30(b)(6) notice. Instead, Petitioners would agree that Respondent could move to strike any portion of the deposition on the ground that the question was outside the topics listed in the notice. In response, Respondent proposed a four hour deposition for Ms. Vasquez and a two hour deposition for Ms. King, despite having initially suggested a total of eight hours for the total deposition time, and rejected Petitioners' suggestion on the protocol for objections. Finally, Petitioner proposed to reduce the duration of Ms. Vasquez's deposition to five hours if Respondent would agree to the previously proposed protocol for objections, which Respondent rejected.

While Petitioners plan to limit their questioning of the witnesses to the topics set out in the notice, we remain concerned that the parties will disagree as to whether particular lines of questioning fall within the noticed topics. As the Court is aware, this is a common area of dispute at 30(b)(6) depositions. Petitioners' proposed protocol would likely obviate the need to involve the Court in disputes during the deposition, which would also serve to lessen the total amount of time the witnesses would need to be made available. Furthermore, Petitioners' suggested six hours for witness Vasquez (or five, with the proposed objection protocol) and two hours for witness King is well within the durational limits contemplated by the Federal Rules. *Sabre v. First Dominion Capital, LLC*, No. 01-CV-2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("[f]or purposes of this durational limit [of Fed. R. Civ. P 30(d)(2)], the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.'") (quoting 2000 Advisory Committee Notes to Fed. R. Civ. P. 30(d)(2)); *Woelfle v. Black & Decker (U.S.) Inc.*, No. 18-CV-486, 2020 WL 1180749, at *2 (W.D.N.Y. Mar. 12, 2020). Petitioners request that the Court instruct the parties that any objection that a question is outside the scope of the Rule 30(b)(6) notice is preserved without the need for contemporaneous objection, and that no such objections or instruction not to answer shall be made during the course of the deposition. Petitioners also request that they be permitted to question Ms. Vasquez for up to five hours (or six hours if without the requested instruction) and Ms. King for up to two hours.

Second, Petitioners request that Respondent produce paper sick-call requests for medical care made by people incarcerated at the MDC from March 13, 2020 to April 13, 2020. This production would supplement Respondent's prior production of electronic sick-call requests for the same time period. Respondent's first production contained 888 electronic sick-call requests, with 16.5% of the requests reporting at least one COVID symptom. The Court previously ordered Respondent to produce only electronic sick-call requests, after Respondent objected to Petitioners' request for all sick-call requests and Petitioners agreed to accept only electronic requests in an effort to resolve the dispute. ECF 43 at 4. At that time, it was also Petitioners' understanding that all sick-call requests were ultimately made and logged electronically. Since the Court's April 14, 2020 Order, and in particular during yesterday's inspection at the MDC with Dr. Venters, it has become apparent that many people in the MDC are requesting medical care using the paper sick-call request forms available on the housing units. Yesterday, Dr. Venters spoke to a number of incarcerated people who reported filling out the paper sick-call requests to seek medical care. Because the entire facility has been on lockdown since April 1st, people have limited access to email. Counsel also observed collection boxes on the housing units designated for "sick-call requests" indicating a central place where these paper forms are normally deposited and presumably collected.

With this additional information about the prevalence of paper sick-call requests, it is critical that Dr. Venters review both the electronic sick-call requests already produced and the paper sick-call requests not yet produced. Otherwise, he will lack important information about the true nature and amount of requests for medical care in the MDC over the past month. If the current sick-call documents represent only a fraction of the total requests, or are skewed to only include electronic requests made by individuals well enough to leave their cells and access email, this data is important for Dr. Venters' evaluation.

In response to Petitioners' request for the paper sick-call requests made on April 23, 2020 at 2:45pm, Respondent initially did not respond, and after a second request today, has now agreed to confer with BOP and then Petitioners. But Respondent could not provide a timeframe for its inquiry or its response. Respondent previously asserted that there may be a burden associated with producing the paper sick-call requests. Petitioners therefore respectfully request that the Court direct Respondent to produce the paper sick-call records by a date certain, or should he continue to object based on burdensomeness, to explain by Monday, April 27, 2020: (**i**) where the paper sick-call requests are maintained, (**ii**) the number and identity of the MDC personnel who are designated to receive paper sick-call requests, (**iii**) whether personnel who receive such requests save them in a centralized location, and (**iv**) the burden that would be involved in providing copies of the paper sick-call requests.

                        Respectfully Submitted,
                        /s
                        Katherine Rosenfeld

cc:    All Counsel (via ECF)