**ROANNE L. MANN**  
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** April 25, 2020  
**START:** 11:00 AM  
**END:** 12:20 PM

**DOCKET NO:** 20-cv-1590 – RPK/RLM  
**CASE:** Chunn et al. v. Edge

| | |
|---|---|
| ☐ INITIAL CONFERENCE | ☐ OTHER/ORDER TO SHOW CAUSE |
| X DISCOVERY CONFERENCE | ☐ FINAL/PRETRIAL CONFERENCE |
| ☐ SETTLEMENT CONFERENCE | X TELEPHONE CONFERENCE |
| X MOTION HEARING | ☐ INFANT COMPROMISE HEARING |

**Petitioners**

| | ATTORNEYS |
|---|---|
| | Katherine Rosenfeld, Betsy Ginsberg, Alex Reinert, Andrew Wilson, Scout Katovich |

**Respondent**

| | ATTORNEYS |
|---|---|
| | James Cho, Seth Eichenholtz, Joseph Marutollo, Paulina Stametelos |

☐ _____ DISCOVERY TO BE COMPLETED BY _____  
☐ NEXT _____ CONFERENCE SCHEDULED FOR _____.  
☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____  
☐ PL. TO SERVE DEF. BY: _____   DEF. TO SERVE PL. BY: _____

**RULINGS: PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

Magistrate Judge Mann conducts a telephonic hearing, with Judge Kovner on the line, to address (1) petitioners' April 20th motion to quash the deposition subpoena of expert witness Dr. Venters (which motion also challenges the scope of the discovery demands served on the original four petitioners) (DE #54), and respondent's response thereto (DE #57); and (2) a letter filed by petitioners at 10:30 p.m. last night, seeking paper sick call requests and rulings as to the duration and protocols in connection with the two Rule 30(b)(6) depositions scheduled for Monday (DE #63), and the responsive letter filed this morning by respondent (DE #64).

Having heard argument on the above disputes, and for the reasons stated on the record, Judge Mann rules as follows:

Respondent is improperly pursuing full discovery on an expedited timeline, rather than tailoring his discovery demands to what is needed in advance of the preliminary injunction hearing scheduled for May 12, 2020.  See, e.g., Fed. Express Corp. v. Fed. Expresso, Inc., No. Civ.A.97CV1219RSPGJD, 1997 WL 736530, at *4 (N.D.N.Y. Nov. 24, 1997) (Pooler, J.) ("These demands are overly broad considering the time constraints under which the parties must proceed and are not reasonably tailored to the specific issues the court must determine at the preliminary injunction hearing.").  Courts in this Circuit have increasingly evaluated the proprietary and scope of requests for expedited discovery under a "reasonableness/good cause

1

standard," pursuant to which the party seeking such discovery "must prove that the requests are reasonable under the circumstances." Streamlight, Inc. v. Gindi, 18-CV-987 (NG), 2018 WL 8967042, at *2 (E.D.N.Y. Apr. 23, 2018) (collecting cases).

It is premature for the Court to rule on the reasonableness of specific document demands or interrogatories, or on the length and/or scope of depositions of any of the petitioners (including the two recently added petitioners), as the parties have not conferred in good faith to narrow the discovery to that which respondent truly needs and is entitled to in advance of the May 12th hearing.

With respect to Dr. Venters, the Court declines to quash the subpoena for his deposition, but rules that, given the extremely compressed schedule, it would be duplicative and extremely burdensome to require Dr. Venters both to provide a signed written report under FRCP 26(a)(2)(B) and to prepare for and testify at a deposition. Respondent is directed to advise petitioners, **before noon on April 28, 2020**, whether they opt (1) to be served with a Rule 26(a)(2)(B) report prepared and signed by Dr. Venters or, in the alternative, (2) to conduct a deposition of Dr. Venters, in which event petitioners' counsel will prepare and serve disclosures relating to Dr. Venters under Rule 26(a)(2)(C). Similarly, in the event respondent decides to present expert testimony at the May 12th hearing, petitioners will have the option of requesting either a Rule 26(a)(2)(B) report prepared and signed by the expert or a deposition of the expert, preceded by the production of Rule 26(a)(2)(C) disclosures.

(Judge Kovner confirms that the two deadlines for written expert disclosures have been extended by two days, to correspond to the extended briefing deadlines.)

With respect to Monday's Rule 30(b)(6) depositions, the Court rules that any objection that a question is outside the scope of the Rule 30(b)(6) notice should be concisely noted on the record, with the witness' testimony taken subject to that objection; the witness should not be instructed not to answer, except in extremely limited circumstances, to preserve a privilege or prevent bad faith questioning. See FRCP 30(c)(2). The deposition of Ms. Vasquez shall be limited to five hours, and the deposition of Ms. King shall be limited to two hours.

After initially agreeing to limit their demand for inmates' sick call requests to those that were logged electronically, petitioners now seek paper sick call requests. Respondent states that the paper requests are routinely discarded, and petitioners ask that those documents be preserved going forward. In response to Judge Mann's inquiry, respondent's counsel acknowledges that he does not know if the MDC has an electronic database reflecting, for the past month, the medical complaints of those inmates who submitted paper sick call requests and were placed in a sick call "queue." This issue is therefore not ripe for a judicial ruling. The parties are directed to confer further in a good faith attempt to resolve this issue. A joint status report is due by **April 28, 2020.**