UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HASSAN CHUNN; NEHEMIAH McBRIDE; AYMAN RABADI, by his Next Friend MIGDALIZ QUINONES; JUSTIN RODRIGUEZ, by his Next Friend JACKLYN ROMANOFF; ELODIA LOPEZ; and JAMES HAIR, individually and on behalf of all others similarly situated, <br><br> Petitioners, <br><br> -*against*- <br><br> WARDEN DEREK EDGE, <br><br> Respondent. | No. 20 Civ. 1590 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the accompanying:

(a) Memorandum of Law in Support of Petitioners' Motion for a Preliminary Injunction, dated April 30, 2020;

(b) Declaration of Ayman Rabadi, dated April 29, 2020;

(c) Declaration of Elodia Lopez, dated April 28, 2020;

(d) Declaration of James Hair, dated April 30, 2020;

(e) Declaration of Hassan Chunn, dated April 30, 2020;

(f) Facility Evaluation: Report of Metropolitan Detention Center by Dr. Homer Venters dated April 30, 2020;

(g) Declaration of Katherine R. Rosenfeld, dated April 30, 2020, with exhibits;

(h) Declaration of Katherine R. Rosenfeld re: class counsel, dated April 30, 2020;

(i) Declaration of Betsy Ginsberg, dated April 30, 2020;

1

 (j)  Declaration of Alex A. Reinert, dated April 30, 2020;

 (k)  Declaration of Yeugenia (Jane) Shvets, dated April 30, 2020; and

 (l)  All pleadings and proceedings relevant to this action,

Petitioners, by their counsel, will move this Court on May 12, 2020, at 10:00 a.m., at the United States Courthouse for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, before the Honorable Rachel P. Kovner, United States District Judge, for an Order, pursuant to Federal Rule of Civil Procedure 65 preliminarily enjoining Respondent as follows:

1. Ordering immediate release of vulnerable persons, with appropriate precautionary public health measures, including Petitioner Rabadi (scheduled to be released on 7/19/2020); Petitioner Elodia Lopez (scheduled to be released on July 28, 2020), Petitioner James Hair (scheduled to be released on August 15, 2026), and all others confined at the Metropolitan Detention Center ("MDC") who Respondent has identified as medically vulnerable due to underlying health conditions or age ("Vulnerable Persons")—and therefore at higher risk of developing serious COVID-19 illness;

2. Conditionally certifying the class or awarding class-wide relief under the Court's general equity powers;

3. Ordering screening of all detainees for multiple COVID-19 signs and symptoms, even when individual temperatures are within normal limits;

4. Ordering screening for all detainees who arrive at the MDC consistent with CDC guidelines, including for those returning from hospital admissions, and those who are transferred from other correctional settings;

5. Ordering adoption of a standardized COVID-19 surveillance tool which includes COVID-19 symptoms and signs, including temperature checks, to be administered twice daily by nursing staff to all incarcerated persons who possess high-risk factors, patients in quarantine, and patients in isolation;

6. Ordering all patients who are suspected or confirmed to have COVID-19 to receive a standardized clinical evaluation at least daily by nursing staff in a clinical setting and not cell-side;

7. Ordering same-day review of every sick-call slip and electronic submission that will (i) trigger immediate (same day or next morning)

       assessment for COVID-19; and (ii) provide data that creates a facility wide symptom tracking dashboard that health care staff will use;

8. Ordering the identifying, cohorting and testing of all detainees who possess risk factors for serious illness or death from COVID-19;

9. Ordering the quarantine of all high-risk detainees into units with routine checks for COVID-19 signs and symptoms, including temperature;

10. Ordering that all quarantine units follow CDC guidelines for management of COVID-19 including the use of appropriate personal protective equipment ("PPE"), cleaning of common surfaces, and exclusion of individuals not suspected to or confirmed to have COVID-19; including twice daily sign and symptom surveillance, including temperature;

11. Ordering testing of patients who possess more than one sign and/or symptom of COVID-19;

12. Ordering testing of staff who possess (i) risk factors for serious illness or death from COVID-19; or (ii) more than one sign and/or symptom of COVID-19;

13. Ordering that all staff wear PPE, including masks, when interacting with any person or when touching surfaces in cells or common areas;

14. Ordering that sufficient disinfecting supplies are provided, free of charge, so incarcerated people can clean high-touch areas or items (including, but not limited to, phones and computers) between each use;

15. Ordering the repair of emergency call-buttons in cells in which those do not work; in the interim, conduct frequent medical rounds in those units where there are malfunctioning call buttons;

16. Ordering training for all staff and orderlies on the importance of reporting health-related problems among detainees to medical staff;

17. Ordering rotation of Spanish-speaking health staff, so that access to medical staff is maximized;

18. Ordering that each incarcerated person receives, free of charge, adequate personal hygiene supplies for hand washing, disinfectant products effective against the virus that causes COVID-19 for daily cleanings; and access to daily showers and daily access to clean laundry;

19. Ordering adequate spacing of six feet or more between people incarcerated, to the maximum extent possible at the MDC's current population level, so that social distancing can be accomplished;

20. Ordering appropriate facility staff to orient other staff and detained people on proper use of masks and gloves and other PPE and detained people to be provided with adequate access to masks and gloves at no cost to them and the facility to provide replacements when those masks become damaged;

21. Ordering weekly COVID-19 information sessions for detainees and correctional staff by a member of the MDC health team, that include the status of the outbreak, efforts to mitigate the spread of COVID-19, opportunities for questions, and distribution of written materials; and

22. Appointing a Special Master or Court-appointed expert to oversee implementation of the Court's ameliorative injunctive relief, to make recommendations to the Court regarding the release of members of the Medically Vulnerable Subclass who the Court has not already ordered released, and to make additional recommendations for ameliorative action at the MDC.

PLEASE TAKE FURTHER NOTICE that pursuant to the Court's schedule, opposition papers, if any, shall be served no later than May 7, 2020, and Petitioners' reply papers, if any, shall be served no later than May 11, 2020.

Dated: New York, New York
April 30, 2020

          EMERY CELLI BRINCKERHOFF
          & ABADY LLP

          By: /s/ Katherine Rosenfeld
             Katherine Rosenfeld
             O. Andrew F. Wilson
             Samuel Shapiro
             Scout Katovich
             600 Fifth Avenue, 10th Floor
             New York, NY 10020
             (212) 763-5000

          CARDOZO CIVIL RIGHTS CLINIC
          Betsy Ginsberg
          Cardozo Civil Rights Clinic
          Benjamin N. Cardozo School of Law
          55 Fifth Avenue, 11th Floor
          New York, NY 1003
          (212) 790-0871

          ALEXANDER A. REINERT, ESQ.
          55 Fifth Avenue, Room 1005
          New York, NY 1003
          (212) 790-0403

          DEBEVOISE & PLIMPTON LLP
          Yeugenia (Jane) Shvets
          919 Third Avenue
          New York, NY 10022
          (212) 909-6000

          *Attorneys for Petitioners and*
          *Putative Class*