

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 1, 2020

**By ECF**

Honorable Rachel P. Kovner
United States District Judge
Honorable Roanne L. Mann
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:    *Chunn v. Edge,* No. 20-cv-1590 (Kovner, J.) (Mann, M.J.)

Dear Judge Kovner and Judge Mann:

     In light of Petitioners' decision—hours after Respondent deposed their expert Dr. Homer Venters—to attach a 22-page signed expert report (Dkt. No. 72-1) to their motion for a preliminary injunction in advance of the May 12th preliminary injunction hearing ("PI Hearing"), Respondent requests that the Court strike Dr. Venters's expert report. In the alternative, Respondent requests that the Court compel Petitioners to produce Dr. Venters for a brief, re-opened deposition, prior to which Petitioners must produce Dr. Venters's notes that reflect the content of his conversations with inmates during Dr. Venters's inspection of the Metropolitan Detention Center ("MDC") on April 23, 2020.

     On April 25, 2020, the Court denied Petitioners' motion to quash Respondent's deposition of Dr. Venters and ordered Respondent to choose one of two options: (i) Petitioners either produce a signed expert report by Dr. Venters; or (ii) Petitioners produce Dr. Venters for a deposition prior to which Dr. Venters's disclosures would be consistent with those required under Fed. R. Civ. P. 26(a)(2)(C), by the April 30th deadline for expert disclosures. Dkt. No. 65. Respondent chose the latter option, and, consistent with the Court's Order, deposed Dr. Venters on April 30, 2020 without the benefit of Dr. Venters's expert report.

     Less than twelve hours after Respondent deposed Dr. Venters, Petitioners filed their expert report. These actions demonstrate that Petitioners' motion to quash Dr. Venters's deposition had nothing to do with the burden of preparing Dr. Venters for his deposition and preparing his expert report in advance of the PI Hearing, and, everything to do with shielding Dr. Venters from a deposition at which his expert report would be questioned in depth.

**I.    Background**

     On April 16, Respondent served a notice of deposition for Petitioners' putative expert, Dr. Homer Venters, for April 30. On April 20, Petitioners sought to quash Respondent's notice of

deposition for Dr. Venters.  Dkt. No. 54.  On April 22, Respondent filed his opposition to Petitioners' motion.  Dkt. No. 57.  At the April 25 conference addressing this issue, Petitioners argued that there would be "burdens" associated with having Dr. Venters produce both an expert report *and* appear for a deposition by April 30.  Tr. 21-22.  Accordingly, Judge Mann ordered as follows:

> With respect to Dr. Venters, the Court declines to quash the subpoena for his deposition, but rules that, given the extremely compressed schedule, it would be *duplicative and extremely burdensome to require Dr. Venters both to provide a signed written report* under FRCP 26(a)(2)(B) *and to prepare for and testify at a deposition*. Respondent is directed to advise petitioners, before noon on April 28, 2020, whether they opt (1) to be served with a Rule 26(a)(2)(B) report prepared and signed by Dr. Venters *or, in the alternative,* (2) to conduct a deposition of Dr. Venters, in which event petitioners' counsel will prepare and serve disclosures relating to Dr. Venters under Rule 26(a)(2)(C). . . .

Dkt. No. 65 (emphasis added).[1]  As noted in Respondent's April 27 letter to Petitioners, which Respondent filed as a courtesy copy with the Court (Dkt. No. 67), Respondent informed Petitioners that "[c]onsistent with the Court's Order permitting Respondent to conduct a deposition of Dr. Venters in lieu of Petitioners producing his expert report due on April 30 (Dkt. No. 65), Respondent will proceed with Dr. Venters' deposition on Thursday, April 30 . . . ."  At no point did Petitioners disclose to Respondent (or to the Court) that they had opted to produce Dr. Venters's expert report approximately twelve hours *after* producing Dr. Venters for a deposition, despite Judge Mann's Order.

Pursuant to the Court-ordered schedule, Respondent deposed Dr. Venters yesterday, April 30, via the Webex video-sharing platform, starting at 8 a.m. (at Petitioners' counsel's request) and the deposition was concluded by approximately 12:35 p.m.  At yesterday's deposition, Dr. Venters testified that he had "not yet" prepared a written report.  However, on May 1st at 12:05 a.m.-- approximately 12 hours *after* the conclusion of Dr. Venters's deposition -- Petitioners entered on ECF a 22-page report signed by Dr. Venters on April 30, 2020 (Dkt. No. 72-1), notwithstanding Petitioners' counsel's prior representation to the Court that it would be unduly burdensome for Dr. Venters to prepare an expert report, *and* make Dr. Venters available for a deposition.  Had Dr. Venters answered that he was preparing a written report to be served later that day, Respondent would have elected to conclude the deposition and reopen it after receiving his report.  Petitioners have not agreed to re-produce Dr. Venters for a deposition.

## II.    The Court Should Strike Dr. Venters's Expert Report For Failing to Comply with Judge Mann's Order and Bar Its Use From the PI Hearing

In the Second Circuit, the district courts are directed to consider the following factors in determining whether a motion to strike an expert witness's testimony should be granted as an

---

[1] At the hearing April 25th hearing, Petitioners' counsel acknowledged that, for purposes of the PI Hearing, Judge Mann proposed that Petitioners either produce a signed expert report, *or* produce Dr. Venters for a deposition when she asked, "If we go the route of just the written reports by Dr. Venters, and not the deposition, would his testimony at the preliminary injunction hearing be confined to the four corners of his report, and nothing else?"  Tr. 28-29 (emphasis added).  Judge Mann explained to Petitioners that "yes, an expert who serves a written report may not then at a hearing or trial, opine on matters not addressed in the expert, signed report."  Tr. 30.

appropriate sanction for failure to comply with a discovery deadline: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. and Scientific Commc'n, Inc.,* 118 F.3d 955, 961 (2d Cir. 1997) (citation omitted).

For purposes of the PI Hearing, and given the expedited nature of these proceedings, the Court clearly ruled that, at Respondent's election, Petitioners *either* produce an expert report by Dr. Venters, *or* depose Dr. Venters without the benefit of a signed expert report under Rule 26(a)(2)(C). The Court did not rule that Petitioners could fashion a third option, *i.e*, to: (i) only produce Rule 26(a)(2)(C) disclosures in advance of a deposition; (ii) conduct the deposition; and (iii) produce an expert report 12 hours *after* the deposition so as to shield the expert from answering questions relating to his expert report as would have happened had Petitioners produced Dr. Venters's report under Rule 26(a)(2)(B). Petitioners must not be permitted to use the Court's Order as both a sword and a shield. As a result, the Court should strike the report from this action.

## III.    In the Alternative, the Court Should Re-Open the Deposition of Dr. Venters

Given Judge Mann's prior ruling, Petitioners' claims of excessive burdens, and Dr. Venters's testimony at yesterday's deposition that he had not prepared an expert report, Respondent was shocked to see Dr. Venters's expert report attached to Petitioners' motion in direct violation of Judge Mann's Order.

Respondent did not have the opportunity to see Dr. Venters's 22-page signed report—containing 68 paragraphs and subparagraphs—prior to his deposition conducted just 12 hours earlier and prior to the filing of his report. As a result, Respondent is deeply prejudiced by not having had the opportunity to depose Dr. Venters on the new factual assertions and opinions raised in his signed report.

Indeed, one of the challenges associated with the deposition of Dr. Venters was that he professed not to recall in detail which inmates' allegations he relied upon in reaching his conclusions. While Dr. Venters acknowledged that he could refresh his recollection with his notes, these notes were not provided to Respondent in advance of the deposition, nor did Dr. Venters have the notes with him during the deposition -- despite multiple prior requests to have those notes available for the deposition. Since Dr. Venters's opinion relies almost exclusively on assuming the truth of inmates' allegations, his inability to articulate from where these allegations arose created a particular challenge during the deposition. This prejudice to Respondent is further highlighted by now knowing that within twelve hours after the deposition, Dr. Venters signed off on a document that very clearly specified the identities of the inmates whose allegations form the basis of his opinions -- which he was unable to do at his deposition. Given this disadvantage, and the timing of the disclosure of the report, it is hard to conclude that Petitioners' decision not to disclose its existence, and Dr. Venters's decision to testify that he had not yet worked on a report, was designed to limit Respondent's ability to fully explore these allegations during the deposition.

Accordingly, Respondent requests the opportunity to re-open Dr. Venters's deposition for up to two hours to examine him on his signed expert report. Respondent is available to depose Dr. Venters at a time convenient for him (including evenings or on weekends) in advance of the May 12th hearing. Given that the report has now been produced and Dr. Venters already has been

prepped for a deposition, there is no burden to Petitioners to produce Dr. Venters for a brief re-opened deposition in the days before May 12 -- with any deposition costs borne by Petitioners.

Respondent thanks the Court for its consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: _____/s/_____
James R. Cho
Seth D. Eichenholtz
Joseph A. Marutollo
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6519/7036/6288/6198
james.cho@usdoj.gov
seth.eichenholtz@usdoj.gov
joseph.marutollo@usdoj.gov
pauline.stamatelos@usdoj.gov

cc:     All Counsel of Record (by ECF)