May 5, 2020

Hon. Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Hassan Chunn, et al. v. Warden Derek Edge,* 20 Civ. 1590

Dear Judge Kovner:

Pursuant to the Court's Order of May 2, 2020, we write jointly to provide the Court with the following information regarding the preliminary injunction hearing scheduled for May 12, 2020, and to raise one question about the Court's preference for the hearing.

I.    **Testimony by Individuals Incarcerated at the MDC**

With respect to the identities of any persons incarcerated at the MDC who the parties plan to have testify at the hearing, we advise as follows.

Petitioners: Petitioners may call the three incarcerated Petitioners (Mr. Rabadi, Ms. Lopez, and Mr. Hair) and three other incarcerated individuals (Derrilyn Needham, Dino Sanchez, Victor Sojos-Valladares). Petitioners intend to narrow this list by the end of the week when their Witness lists must be submitted, but will notify the facility of these six individuals in an abundance of caution to ensure that the facility has advance notice. On Friday, when Petitioners have removed individuals from this list, we will of course promptly notify the MDC and Respondent. Petitioners expect to call as witnesses 3-4 people from the MDC, and anticipate that their testimony will be brief (approximately 20 minutes per person). Petitioners also seek class-wide injunctive relief, making limited testimony from non-party witnesses appropriate. *See* Petitioners' Notice of Motion (Dkt. 72), at ¶¶1-23; Pet'rs'. Mot. Prelim. Inj. 30-35 (arguing that the Court may award broad preliminary injunction and/or conditionally certify the class without formal class ruling under it general equity powers, as other courts have done in the COVID-19 context and far beyond).

Respondent: Respondent objects to the testimony of any non-party inmates at the preliminary injunction hearing. The preliminary injunction hearing will address the remaining named Petitioners' Eighth Amendment conditions of confinement claim; it is not intended as a full trial on the merits. Testimony from any non-party inmates will be duplicative, disproportionate to the needs of this case, and will only serve to waste the Court's valuable time and resources. Permitting non-party inmate testimony will force the hearing to last several days. Further, Respondent objects to any testimony relating to class certification or "class-wide injunctive relief given Respondent's outstanding motion to dismiss the class action allegations.

II.    **Opening and Closing Arguments**

The Parties wish to inquire whether the Court will hear opening and closing arguments as

part of these proceedings.

<u>Petitioners</u>: In the interests of orienting the Court and the Respondent to Petitioners' order of proof, Petitioners propose an opening of no more than ten minutes.

<u>Respondent</u>: Given the unique circumstances and timing challenges of the upcoming May 12 hearing, and given the parties' various motion filings, Respondent respectfully submits that, should the Court request opening statements and closing arguments, that the parties' statements each be limited to no more than five minutes.

## III. Submission of Exhibits

The Parties have agreed to submit all potential exhibits to the Court by email to Chambers by Monday, May 11, 2020, and thereafter to file on ECF all exhibits that are admitted into evidence at the hearing, subject to any limitations imposed by the Court.

## IV. Video Testimony

Fourth, with respect to whether individuals incarcerated at the MDC will be able to participate by video, Respondent reports as follows: With respect to whether individuals incarcerated at the MDC will be able to participate by video, at this time, the inmates will participate by telephone. If video becomes a viable option, the parties will notify the Court. Once the parties have finalized the witness list, the parties will provide the Court with a proposed schedule for the inmates to participate in the hearing.

The parties seek clarification as to whether the Court has the ability to set up video-conferencing for the attorneys of record and the non-BOP testifying witnesses at the hearing, or whether the Court intends to have these attorneys and non-BOP testifying witnesses appear at the hearing only via telephone.

Respectfully submitted,

| EMERY CELLI BRINCKERHOFF & ABADY LLP | RICHARD P. DONOGHUE United States Attorney |
|---|---|
| By: /s/ <br> Katherine Rosenfeld <br> (212) 763-5000 | By: /s/ <br> James R. Cho <br> Seth D. Eichenholtz <br> Joseph A. Marutollo <br> Paulina Stamatelos <br> Assistant U.S. Attorneys <br> (718) 254-6519/7036/6288/6198 |