UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

HASSAN CHUNN, *et al.*,

                         Petitioners,         Civil Action No.
                                                              20-CV-1590
          -against-                             (Kovner, J.) (Mann, M.J.)

WARDEN DEREK EDGE,

                         Respondent.

-----------------------------------------------------------x

## **DECLARATION OF CDR. SCOTT A. GRIFFITH, MSN, RN-BC**

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, Cdr. Scott A. Griffith, MSN, RN-BC, U.S. Public Health Service, do hereby make the following declaration, under penalty of perjury, pertinent to the above-styled cause of action:

     1.     I am currently employed by the United States Department of Justice, Federal Bureau of Prisons, as the National Health Technology Administrator. I work in the BOP's Central Office in Washington, D.C.

     2.     As part of my duties and responsibilities, I have access to various records maintained in the ordinary course of business by the BOP, including the BOP's electronic medical record system (BEMER). BEMER contains all records of medical evaluations and treatment provided to MDC Brooklyn inmates. I certify that the Attachment referenced herein was maintained in the ordinary course of business and is true and accurate to the best of my knowledge.

     3.     Attached to this declaration is an "Activities Report" (Bates numbered BOP SCR 1211-1257).

4. The BOP is able to generate reports through BEMER relating to medical care provided to inmates at the MDC. The attached "Activities Report" shows the MDC's actions relating to "Sick Call/Triage" for the period April 1 through May 9, 2020.

5. The Activities Report includes comments relating to the sick call requests by inmates submitted either in hard copy form or electronically.

6. This Activities Report shows encounters with medical staff in response to an inmate's "scheduled" sick call request.

7. Specifically, these are encounters where sick call requests, after being triaged, were added to the BOP's medical scheduling system.

8. The items listed in the Activities Report were categorized by the provider under the "sick call/triage" activity category.

9. When a sick call request is triaged, if an inmate's condition is acute or emergent, the medical provider would examine the patient immediately and the encounter would not necessarily be placed on the schedule, but would be noted as an encounter in each inmate's own medical records. This Activities Report would not capture those emergent encounters; the inmate's medical records, however, would reflect the care provided to the inmate.

10. The Activities Report does not capture all encounters between inmates and medical providers during the time period set forth above that are categorized under other, non-sick call activity categories, but that still may have arisen in response to a sick call request.

11. Retrieving a listing of all clinical encounters during the time period set forth above would require a review of hundreds of clinical encounters.

12. The Activities Report, at pages BOP SCR 1247-1257, reflect sick call requests in which the request was "canceled" at the discretion of the provider because, *inter alia,* the request

was a duplicate request or the provider had addressed the request without requiring a clinical encounter (*e.g.*, medication was refilled).

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on this 19th day of May 2020, in Washington, D.C.

SCOTT GRIFFITH
Digitally signed by SCOTT GRIFFITH
Date: 2020.05.19 11:27:57 -04'00'

Cdr. Scott A. Griffith, MSN, RN-BC
U.S. Public Health Service
National Health Technology Administrator
Federal Bureau of Prisons

3