

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 21, 2020

**By ECF**
Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Chunn, et al. v. Warden Derek Edge*,
                Civil Action No. 20-cv-1590 (Kovner, J.) (Mann, M.J.)

Dear Judge Kovner:

      Respondent respectfully submits this status report to provide the Court with (1) an update regarding Petitioner Ayman Rabadi and (2) a brief response to Petitioners' May 20, 2020 letter (Dkt. No. 102).

### I.    Petitioner Rabadi's claim is moot

      Petitioner Ayman Rabadi was released from the Metropolitan Detention Center ("MDC") today. Like Petitioners Chunn, McBride, and Rodriguez, Rabadi's *habeas* petition is now unquestionably moot. Indeed, pursuant to the May 13 Order, Chunn and McBride have been dismissed from this action. Accordingly, Mr. Rabadi's *habeas* petition is now moot.

### II.    Response to Petitioners' May 20 letter

      On the first day of the preliminary injunction hearing, Your Honor addressed the Petitioners' motion *in limine* regarding sick call requests (Dkt. No. 86), wherein Petitioners sought sanctions against the Government because Petitioners had alleged that Respondent (intentionally) "shredded" paper sick call requests—despite retaining hundreds of electronic sick call requests—for a brief period at the start of the global pandemic. During argument on this motion, Respondent reiterated that information from sick call requests was entered into the BOP electronic medical record system either based on a clinical encounter with the inmate due to acute or emergent conditions or placed on a schedule for the inmate to be seen at a later time. Petitioners objected that Respondent had not yet provided documentation supporting this, that Respondent had previously provided letters that Petitioner's counsel read as saying otherwise, and that such information was important to their motion. Nevertheless, when given the option by the Court to adjourn the hearing until Respondent could produce more information on this issue, Petitioners

chose to proceed with the preliminary injunction hearing notwithstanding their objections. (Tr. 43-46).[1]

During the preliminary injunction hearing, Your Honor ordered Respondent to produce a record showing how MDC medical staff resolved inmates' requests for medical care submitted via a paper sick call request.[2] (Tr. 16-17). On May 19, Respondent complied with the Court's order and produced the following documents:

- Declaration of Cdr. Scott A. Griffith, MSN, RN-BC, and "Activities Report" documents annexed thereto, bearing Bates Stamp Nos. BOP SCR 1211-1257; and
- Third Supplemental Declaration of Health Services Administrator Stacey Vasquez and the paper sick call requests documents annexed thereto, bearing Bates Stamp Nos. BOP SCR 1258-1316.

(Collectively, "May 19 Submissions").

As set forth in the Griffith Declaration, the Activities Report documents the BOP's actions relating to encounters in the "Sick Call/Triage" category for the period April 1 through May 9, 2020. The report includes comments relating to the sick call requests by inmates submitted either in hard copy form or electronically. The Activities Report reflects responses to sick calls that had been placed on the sick call schedule; inmates with acute or emergent conditions are seen immediately by providers, and not placed on the schedule. The Vasquez Declaration explains that, paper sick call records were addressed by medical staff, and some additional records were located after a search of the MDC housing units.

Petitioners now oppose the Court's consideration of the very evidence Petitioners' sought, the lack of which they previously argued warranted extreme sanctions. Petitioners' lengthy letter boils down to a single argument following a now-familiar pattern: namely, that the Court need not consider the MDC's response to sick call requests because Petitioners only want the Court to credit, and consider, the allegations made by inmates of lack of care in those sick call requests and their expert's opinion based on those allegations.[3] Petitioners utterly refuse to address any evidence regarding the actual care Respondent provides to inmates at the MDC. For example, lacking in Petitioners' voluminous filings is any discussion of the actual medical care that named Petitioners Elodia Lopez, James Hair, and Ayman Rabadi received during the relevant time period at the MDC.

Indeed, Petitioners' May 20 letter continues to demonstrate Petitioners' use of expedited proceedings as both a sword and a shield. Petitioners sought a hearing on an expedited basis; Respondent has aimed to produce documents and information on an equally expedited basis. Yet,

---

[1] Citations are to the preliminary injunction hearing transcript.

[2] Respondent has consistently argued that the best evidence for how an inmate's request for medical care is addressed in the inmate's medical records. Dkt. No. 99, Respondent's Post-Hearing Proposed Findings of Fact, ¶¶ 77, 81, 87, 354, 370, 399.

[3] In Petitioners' proposed discovery schedule dated April 10, 2020, Petitioners sought three "documents" which then included "[a]ll sick call *requests* for medical care made by people incarcerated at MDC from March 13, 2020, in redacted form to omit the person's name and DIN number." Dkt. No. 37-1 at p. 12 of 15 (emphasis supplied).

despite consistently relying on the expedited nature of the proceedings to excuse issues with their evidence or protect themselves from additional discovery requests, Petitioners ignore the challenges caused by expedited proceedings to argue that the "[t]he ship … has sailed" when Respondent discloses documents found as part of his ongoing efforts to address Petitioners' unsubstantiated allegations. Tr. 43:19. Petitioners cannot have it both ways, and given the expedited nature of the proceedings, the additional evidence resulting from Respondent's ongoing efforts to address the numerous and varied allegations in the Amended Petition should be considered by the Court, even when the evidence reveals facts that expose the flaws in Petitioners' allegations

In short, Petitioners have sought to exploit the paper-sick call issue to an illogical end. Petitioners attempt to argue that Respondent intentionally "shredded" or threw out paper sick call requests so as to cover-up his alleged denial of care to MDC inmates. But what Respondent's May 19th production and declarations demonstrate is that Respondent did not then or now withhold care from MDC inmates, much less "shred" some kind of "smoking gun" evidence. Any spoliation application is moot.

In any event, Respondent has always acknowledged that his response to the COVID-19 threat is evolving, and that paper-sick call requests were offered to MDC inmates in addition to allowing inmates to submit electronic sick call requests -- the preferred method consistent with BOP policy. Subsequent challenges associated with MDC's reverting to the prior method of using paper-sick calls during the pandemic -- that have been corrected -- is not evidence of deliberate indifference and the documented response to these requests serve as evidence of MDC's lack of indifference.

For these reasons, Petitioners' request to preclude the May 19 Submissions—which are in full compliance with the Court's order—should be denied.

Respondent thanks the Court for its consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
James R. Cho
Seth D. Eichenholtz
Joseph A. Marutollo
Paulina Stamatelos
Assistant U.S. Attorneys
(718) 254-6519/7036/6288/6198
james.cho@usdoj.gov
seth.eichenholtz@usdoj.gov
joseph.marutollo@usdoj.gov
pauline.stamatelos@usdoj.gov

cc: The Honorable Roanne L. Mann (By ECF)
All Counsel of Record (By ECF)