The
Intercept_

May 21, 2020

(DELIVERED ELECTRONICALLY)

Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Hassan Chunn et al. v. Warden Derek Edge,* 20 Civ. 1590

Dear Judge Kovner:

Please permit Intervenor, First Look Media Works, Inc. (FLMW), a brief reply to the May 20, 2020 letter filed by the United States Attorney for the Eastern District of the United States. The issue before the Court is not the wisdom of the Protective Order or an application of the Privacy Act, 5 U.S.C. § 552a. Focusing on those subjects is sleight of hand.

The question that the government needs to answer (and entirely avoids) is whether the U.S. Attorney's Office can demonstrate with specific, on the record facts, that there is a privacy interest implicated that prevents the disclosure of judicial exhibits containing descriptions of "symptoms of fever, cough, shortness of breath or difficulty breathing, chills, repeated shaking with chills, muscle pain, headache, sore throat and new loss of taste or smell." DKT 96, May 18, 2020 letter from Petitioners to Hon. Rachel P. Kovner. Even counsel for these incarcerated persons believes that there is no reason for the sealing.[1] The government must come forward with something. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126-27 (2d Cir. 2006).

*Trump v. Deutsche Bank AG*, 940 F.3d 146 (2d Cir. 2019), upon which the government relies, supports the release of these redacted records. In that case,

---

[1] Petitioners' counsel has provided some of this information in open court so that the privacy interest, if any, has diminished. *Sierra Pac. Industries v. United States Dep't of Agric.*, 2012 U.S. Dist. Lexis 8889 (E.D. Cal January 25, 2012)(Privacy Act concerns diminish when information is already public).

Deutsche Bank redacted the names of taxpayers who had filed tax returns – the remainder of the record was available to the public. The Court determined that the intervenors who sought the names "did not indicate that such information was relevant to any issue" to be decided by the Court but the letter, itself, was relevant "to the performance of the judicial function." *Trump*, 940 F.3d at 151. Here, the redacted records contain information concerning the medical complaints of those incarcerated – the core issue in this case. *Trump* would be helpful only if the FLMW wanted the release of identifying information of the incarcerated persons. It doesn't.

*Brown v. Maxwell*, 929 F.3d 41 (2nd Cir. 2019) is more instructive. In that case, the Court recognized that even motions to compel, to quash a trial subpoena, to exclude deposition testimony call "upon the Court to exercise its Article III powers" and are of value to "those monitoring the federal courts." The proper inquiry is whether the documents are relevant to the judicial function, not whether they were relied on. *Brown*, 929 F. 3d at 50. The Court observed that documents submitted for consideration in a substantive motion, like Petitioners' Motion for a Preliminary Injunction, are entitled to the strong presumption of access. *Brown*, 929 F.3d at 48.

The United States Attorneys' Office has presented nothing to overcome the strong presumption of public access to the sealed filings in this action.

Very truly yours,

/s/

David Bralow
Senior Vice President, Law
First Look Media Works, Inc.
david.bralow@firstlook.org
646-784-3287