EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

May 27, 2020

**By ECF**

Hon. Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Hassan Chunn, et al. v. Warden Derek Edge,* No. 20 Civ. 1590

Dear Judge Kovner:

  Along with the Cardozo School of Law's Civil Rights Clinic, Debevoise and Plimpton LLP, and Alexander A. Reinert, we represent the Petitioners in the above-referenced matter. We write to respond to Respondent's contentions that the recent release of Petitioners Hair and Rabadi from the custody of the Metropolitan Detention Center renders their claims moot. Dkt. 104 & 106.

  As we noted at the hearing on Petitioners' pending motion for preliminary injunction, assuming *arguendo* the individual claims for some Petitioners are moot, their claims for injunctive relief on behalf of the class are not mooted by their release from the MDC. It is black-letter law that, in cases such as this, a named plaintiff may continue to seek relief on behalf of the class even after his individual claims have been mooted. This is so for two reasons, each sufficient on its own.

  First, this is an action that is "inherently transitory" because of (1) the MDC's status as a short-term detention facility; (2) the nature of the claims in this case; and (3) the nature of the COVID-19 crisis. When the claims brought in a class action are inherently transitory, for mootness purposes they relate back to the filing of the complaint (or in this case, the Amended Petition). *See*, *e.g.*, *Salazar v. King,* 822 F.3d 61, 73 (2d Cir. 2016). For example, in *Gerstein v. Pugh,* 420 U.S. 103 (1975), the Supreme Court found that claims challenging pretrial detention conditions were not moot, even though the named plaintiffs were no longer pretrial detainees, because "[p]retrial detention is by its nature temporary, and . . . [i]t is by no

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

means certain that any given individual, named as a plaintiff, would be in pretrial custody long enough for a district judge to certify a class." *Id.* at 110 n. 11; *see also United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 402–04 (1980) (holding that plaintiff's release from prison did not moot his request for class-wide relief regarding parole release guidelines). Indeed, the Second Circuit has specifically held that prison conditions of confinement claims brought as a class action are not moot when named plaintiffs are released, because such claims are "inherently transitory" and strict application of the mootness doctrine might bar a court from ever awarding injunctive relief to which the class is entitled. *Amador v. Andrews*, 655 F.3d 89, 101 (2d Cir. 2011); *see also Kimber v. Tallon*, 556 F. App'x 27, 28 (2d Cir. 2014) (holding that prison conditions cases are inherently transitory and, for class certification purposes, relate back to the filing of the complaint); *Wilkerson v. Bowen,* 828 F.2d 117, 121 (3d Cir. 1987) ("It would seem to us that the principle espoused in *Geraghty* is applicable whether the particular claim of the proposed class plaintiff is resolved while a class certification motion is pending in the district court (as in the present case) or while an appeal from denial of a class certification motion is pending in the court of appeals (as in *Geraghty*).") (*quoted by Amador*, 655 F.3d at 101).

Second, even if the Court finds that this case does not fit within the "inherently transitory" exception to the mootness doctrine, a claim for injunctive relief on behalf of the class remains live so long as, at the time class-wide relief was sought, the claims of the named plaintiffs were not moot. *Mey v. Frontier Comm's. Corp.*, No. 3:13-CV-01191-MPS, 2014 WL 6977746, at *5 (D. Conn. Dec. 9, 2014) (collecting cases). Indeed, there is ample authority for the proposition that when there has not been undue delay in filing a class certification motion, and a party did not have a reasonable opportunity to apply for class certification earlier in the action, the resolution of a named plaintiff's claims will not moot the class claims, and a subsequent motion for class certification will be permitted to relate back to the filing of the class complaint. *See, e.g.*, *Mental Disability Law Clinic v. Hogan*, No. 06 Civ. 6320(CPS)(JO), 2008 WL 4104460, at *10–11 (E.D.N.Y. Aug. 29, 2008); *Clarkson v. Coughlin*, 783 F.Supp. 789, 795 (S.D.N.Y.1992) ("Under the more 'flexible' approach applied to class claims, the complaint itself is not rendered moot merely because the named plaintiff's claim is moot. From the time a class action is filed until the time a final determination pursuant to Rule 23 is made, the action is treated as if the class existed for purposes of mootness. This provides unnamed members of the plaintiff class an opportunity to intervene in the action and to pursue their claims.") (citations omitted).

In this case, even if mootness is judged by when Petitioners sought class-wide relief in their motion for preliminary injunction, four Petitioners (Mr. Hair, Ms. Lopez, Mr. Rabadi, and Mr. Rodriguez) were then in custody. This is especially the case where Respondent could unilaterally moot individual claims for relief by releasing named Petitioners from custody, while the entire population of the MDC remains subject to the conditions that are the subject of the motion for preliminary injunction. *See Samele v. Zucker*, 324 F. Supp. 3d 313, 331 (E.D.N.Y. 2018) (finding action inherently transitory where defendants could "pick off" named plaintiffs, and where there is a "constant class of persons suffering the deprivation complained of"); *Goetz v. Crosson*, 728 F. Supp. 995, 1000 (S.D.N.Y. 1990) ("Of particular concern is the potential ability of the defendant to purposefully moot the named plaintiffs' claims after the class action complaint had been filed but before the class had been properly certified.") (*citing White v. Mathews*, 559 F.2d 852, 857 (2d Cir. 1977)).

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 3

   For these reasons, the Court retains jurisdiction to decide Petitioners' Motion for Preliminary Injunction and to order class-wide relief in this matter.

              Respectfully submitted,

                /s/
              Katherine Rosenfeld

cc: All Counsel (via ECF)