EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

May 28, 2020

**By ECF**

Hon. Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Hassan Chunn, et al. v. Warden Derek Edge,* 20 Civ. 1590

Dear Judge Kovner:

  We write on behalf of Petitioners to bring to the Court's attention a number of rulings that have been announced since the conclusion of the preliminary injunction hearing that provide support for the relief sought by Petitioners in the instant case. Several courts have ordered injunctive relief for both pretrial detainees and convicted people, applying the Eighth Amendment's deliberate indifference standard, even in circumstances where the courts credited jail and prison authorities with taking steps to mitigate the spread of COVID-19.[1] *See Seth v. Mcdonough*, No. 20 Civ. 1028, 2020 WL 2571168 (D. Md. May 21, 2020) (finding Eighth Amendment deliberate indifference because of undertesting, inadequate treatment/isolation of symptomatic detainees, and failure to take any specific steps to protect high-risk detainees); *Cameron v. Bouchard*, 20 Civ. 10949, 2020 WL 2569868 (E.D. Mich. May 21, 2020) (provisionally certifying class of people held both pretrial and under criminal sentence, ordering injunctive relief based on likelihood of success under Eighth Amendment's deliberate indifference standard despite finding that facility had taken many steps to mitigate spread of COVID-19, and finding that release or home confinement was a necessary remedy for medically vulnerable subclass); *Wilson v. Williams*, No. 4:20-CV-00794, 2020 WL 2542131 (N.D. Ohio May 19, 2020) (ordering additional relief to facilitate release of medically vulnerable people from federal prison, while recognizing that facility had significantly expanded testing within facility).

---

[1] The courts that have ordered this relief are in circuits, like the Second Circuit, that permit habeas jurisdiction over challenges to prison conditions. *See Aamer v. Obama*, 742 F.3d 1023, 1036–37 (D.C. Cir. 2014) (collecting cases).

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

      Many courts have also made similar findings in the immigration context. *See Malam v. Adducci*, No. 20-10829, 2020 WL 2616242 (E.D. Mich. May 23, 2020) (crediting evidence provided by Dr. Venters and ordering immigration detainees released because of their particular vulnerability to COVID-19, applying Eighth Amendment's deliberate indifference standard, even though only two confirmed cases of COVID-19 had been established at detention facility); *Ferreyra v. Decker*, No. 20 CIV. 3170 (AT), 2020 WL 2612199 (S.D.N.Y. May 22, 2020) (finding that deliberate indifference was shown to high risk detainees because, even though facilities had taken numerous steps to mitigate spread of disease, they had failed to take any specific steps to protect high-risk detainees other than monitoring them for signs of infection which "is too little, too late."); *Barbecho v. Decker*, No. 20 Civ. 2821, 2020 WL 2513468 (S.D.N.Y. May 15, 2020) (ordering release of high risk immigration detainees where ICE had increased mitigation measures but had taken no specific steps to protect medically vulnerable people and still housed them in general population); *Zaya v. Adducci*, No. 20 Civ. 10921, 2020 WL 2487490, at *7 (E.D. Mich. May 14, 2020) (finding confinement of medically vulnerable immigration detainee would likely amount to deliberate indifference where facility had taken no specific steps to mitigate risk for detainees, even though facility had committed to housing petitioner alone).

                                                                         Respectfully submitted,

                                                                                                       /s/

                                                                       Katherine Rosenfeld

cc:      All Counsel (by ECF)