UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HASSAN CHUNN; NEHEMIAH McBRIDE;
AYMAN RABADI by his Next Friend Migdaliz
Quinones; JUSTIN RODRIGUEZ, by his
Next Friend Jacklyn Romanoff; ELODIA LOPEZ;         ORDER
and JAMES HAIR,                                     20-cv-1590 (RPK) (RLM)

individually and on behalf of all others similarly
situated,
                        Petitioners,

        -against-

WARDEN DEREK EDGE,

                        Respondent.

-----------------------------------------------------------X

RACHEL P. KOVNER, United States District Judge:

        Petitioners seek to publicly file an exhibit from the preliminary injunction hearing in this

case that contains inmate requests for medical attention during the COVID-19 pandemic.

*See* Pet'rs' Letter (May 18, 2020) (Dkt. #96).  Petitioners introduced those requests into evidence

as Exhibit 88 in support of their motion for a preliminary injunction.  Respondent opposes

petitioners' request, arguing that the exhibit should be kept under seal principally to protect the

privacy of the inmates who made the requests.  *See* Resp't's Letter (May 20, 2020) (Dkt. #103).

Intervenor First Look Media Works, Inc., has filed a letter arguing that the exhibit should not be

kept under seal.  Intervenor's Letter (May 19, 2020) (Dkt. #98).

        Exhibit 88 consists of 210 electronic and paper requests for medical attention, commonly

referred to as sick-call requests, in which inmates reported symptoms that petitioners identified as

possibly relating to COVID-19.  Respondent redacted the inmates' names and register numbers

before producing the sick-call requests in discovery.  *See* Order (Apr. 14, 2020) 4-5 (Dkt. #43).

1

Petitioners have agreed to further redact any information about inmates' housing units before publicly filing the exhibit.  *See* Pet'rs' Letter 2.  I conclude that redacting the inmates' names, register numbers, and housing units—as well as any information about their arrival and departure dates—will adequately protect the inmates' privacy interests.  Therefore, petitioners may file Exhibit 88 with those redactions.

DISCUSSION

A common law presumption of access attaches to "judicial documents"—those documents filed with the court that are "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995)); *see Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  In addition, "the public and the press have a 'qualified First Amendment right to . . . access certain judicial documents,'" including those that are "derived from or [are] a necessary corollary of the capacity to attend" judicial proceedings as to which there is a First Amendment right of access.  *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91, 93 (2d Cir. 2004)).

Notwithstanding these presumptions, judicial documents "may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand."  *Id.* at 124.  Under the common law, these countervailing factors must be balanced against the weight of the presumption of access to a particular document.  The weight of the presumption of access, in turn, depends on the "role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1049 (2d Cir. 1995)).  Further, when the First Amendment presumption

2

of access applies, restrictions on public access may only be justified with "specific, on the record findings" that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Exhibit 88 is a judicial document entitled to a presumption of access under both the common law and First Amendment. Petitioners submitted Exhibit 88 in support of their motion for a preliminary injunction. *Cf. id.* at 121-24 (finding that a presumption of access under the common law and the First Amendment attached to documents filed in connection with a summary judgment motion). And Exhibit 88 was relevant to petitioners' motion. The contents of individual sick-call requests—including the symptoms reported and any indicia of delayed responses—are relevant to whether respondent has an effective sick-call system in place. And whether respondent has an effective sick-call system in place is relevant to petitioners' argument that MDC officials are violating the Eighth Amendment by disregarding a substantial risk of serious harm to inmates from COVID-19.

Balancing the privacy interests at issue in the sick-call documents against the strong presumption of access under both the common law and the First Amendment frameworks, I conclude that Exhibit 88 can be publicly filed with appropriate redactions. As respondent observes, Resp't's Letter 2-3, the inmates who submitted the sick-call requests have strong privacy interests in identifiable medical information, *see United States v. Erie Cty., N.Y.*, 763 F.3d 235, 239-241, 244 n.8 (2d Cir. 2014) (suggesting that it would be "especially appropriate" to redact "medical information identifiable to particular prisoners" before unsealing certain documents); *see also Amodeo II*, 71 F.3d at 1051 (noting that "illnesses" are among those matters that "weigh more heavily against access"). But those privacy interests can be adequately protected by the redaction

of inmate names, register numbers, housing units, and arrival and departure dates.  It would be difficult, if not impossible, to identify inmates based on anonymized reports of symptoms like headaches and sore throats.  And to the extent that a request includes information about a more identifiable condition, anyone who could identify an inmate based on that information alone would necessarily be aware of that inmate's condition already, which significantly undermines the argument that the request must be sealed to protect privacy interests.

Nor are further restrictions justified by the risk that inmates may be identified by their handwriting or use of another language.  *See* Resp't's Letter 2.  Most of the sick-call requests in Exhibit 88 are electronic requests, and the few that are handwritten almost exclusively discuss concerns that are relatively common and not especially personal.  Moreover, the requests are all in English or Spanish, which undermines any argument that the inmate submitting the request could be identified based on the language used in the request.  Fully restricting access to Exhibit 88 is too broad a remedy to protect inmates' privacy interests because those interests can be protected through the more narrowly tailored method of redacting names, register numbers, housing units, and arrival and departure dates.  Accordingly, Exhibit 88 can be filed on the public docket with that identifying information redacted.

SO ORDERED.

  /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:         Brooklyn, New York
               June 11, 2020